## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Trading Technologies International, Inc., ) | |
| ) | Civil Action No. 10-CV-715 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BGC Partners, Inc., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Trading Technologies International, Inc. ("Trading Technologies"), for its complaint against Defendant BGC Partners, Inc. ("BGC"), states as follows:

## THE PARTIES

1.      Plaintiff Trading Technologies is a Delaware Corporation with a principal place of business at 222 South Riverside Plaza, Suite 1100, Chicago, Illinois 60606.

2.      Defendant BGC is a Delaware Corporation with its principal place of business at 499 Park Avenue, New York, NY 10022.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court thereby has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Defendant BGC has a regional office in this district at 222 West Adams Street, Chicago, IL 60606-5307. Defendant BGC also regularly conducts business in this district.

Defendant BGC provides trading software that is for use with the exchanges in this district, including the Chicago Board of Trade ("CBOT") and the Chicago Mercantile Exchange ("CME"). This Court has jurisdiction generally over Defendant BGC.

5. BGC has committed and continues to commit acts of patent infringement in this district, through the manufacturing, sale, offer for sale and/or use of trading software, including at a minimum BGC's eSpeed futures trading platform ("the eSpeed software"), and in particular the eSpeedometer module. *See, e.g.*, Ex. A. Therefore, this Court has specific jurisdiction over BGC.

6. BGC resides in this district, because it is subject to personal jurisdiction in this district. Therefore, this District is a proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,533,056

7. Plaintiff Trading Technologies incorporates paragraphs 1-6 as if set forth in full.

8. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,533,056 ("the '056 patent"), titled "User Interface for an Electronic Trading System," which was duly and legally issued on May 12, 2009. A true and correct copy of the '056 patent is attached as Exhibit B.

9. Plaintiff Trading Technologies is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '056 patent.

10. Plaintiff Trading Technologies has never licensed BGC under the '056 patent nor otherwise authorized BGC to practice the '056 patent.

11. BGC has infringed and continues to infringe one or more claims of the '056 patent by making, using, selling and/or offering for sale products covered by claims of the '056 patent, including

at a minimum the eSpeed software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

12.     BGC has in the past and continues to promote, advertise and instruct customers and potential customers about BGC's products and uses of the products, including infringing uses. BGC's promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.bgcpartners.com.

13.     BGC's infringing products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

14.     BGC's actions have and continue to constitute active inducement of and contributory infringement of the '056 patent in violation of 35 U.S.C. §271(b) and (c).

15.     BGC's infringement of the '056 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 7,587,357

16.     Plaintiff Trading Technologies incorporates paragraphs 1-15 as if set forth in full.

17.     Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,587,357 ("the '357 patent"), titled "Repositioning of Market Information on Trading Screens," which was duly and legally issued on September 8, 2009.  A true and correct copy of the '357 patent is attached as Exhibit C.

18.     Plaintiff Trading Technologies is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '357 patent.

19.     Plaintiff Trading Technologies has never licensed BGC under the '357 patent or otherwise authorized BGC to practice the '357 patent.

3

20.     BGC has infringed and continues to infringe one or more claims of the '357 patent by making, using, selling and/or offering for sale products covered by claims of the '357 patent, including at a minimum the eSpeed software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

21.     BGC has in the past and continues to promote, advertise and instruct customers and potential customers about BGC's products and uses of the products, including infringing uses. BGC's promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.bgcpartners.com.

22.     Defendant's products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

23.     Defendant's actions have and continue to constitute active inducement of and contributory infringement of the '357 patent in violation of 35 U.S.C. §271(b) and (c).

24.     Defendant's infringement of the '357 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 7,613,651

25.     Plaintiff Trading Technologies incorporates paragraphs 1-24 as if set forth in full.

26.     Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,613,651 ("the '651 patent"), titled "Repositioning of Market Information on Trading Screens," which was duly and legally issued on November 3, 2009.  A true and correct copy of the '651 patent is attached as Exhibit D.

27.     Plaintiff Trading Technologies is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '651 patent.

28.     Plaintiff Trading Technologies has never licensed BGC under the '651 patent or otherwise authorized BGC to practice the '651 patent.

29.     BGC has infringed and continues to infringe one or more claims of the '651 patent by making, using, selling and/or offering for sale products covered by claims of the '651 patent, including at a minimum the eSpeed software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

30.     BGC has in the past and continues to promote, advertise and instruct customers and potential customers about BGC's products and uses of the products, including infringing uses. BGC's promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.bgcpartners.com.

31.     Defendant's products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

32.     Defendant's actions have and continue to constitute active inducement of and contributory infringement of the '651 patent in violation of 35 U.S.C. §271(b) and (c).

33.     Defendant's infringement of the '651 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.


**RELIEF REQUESTED**

THEREFORE, Plaintiff Trading Technologies prays for judgment and relief including:

(A)     Judgment that BGC has been and is infringing one or more of the claims of the '056, '357, and '651 patents pursuant to 35 U.S.C. §§ 271(a), (b) and (c);

(B)     A preliminary and permanent injunction enjoining BGC and its officers, agents, servants, employees, attorneys, related business entities and those in active concert or participation with them from infringing the '056, '357, and '651 patents;

(C)     An award of damages incurred by Plaintiff Trading Technologies as a result of BGC's infringement of the '056, '357, and '651 patents;

(D)     An assessment of costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285, and prejudgment interest against BGC; and

(E)     Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff Trading Technologies demands trial by jury on all issues so triable.


Respectfully submitted,


Date:  __February 3, 2010___          By:     __s/ S. Richard Carden_____
                                              Leif R. Sigmond, Jr. (ID No. 6204980)
                                              (sigmond@mbhb.com)
                                              Matthew J. Sampson (ID No. 6207606)
                                              (sampson@mbhb.com)
                                              Michael D. Gannon (ID No. 6206940)
                                              (gannon@mbhb.com)
                                              S. Richard Carden (ID No. 6269504)
                                              (carden@mbhb.com)
                                              Jennifer M. Kurcz (ID No. 6279893)
                                              (kurcz@mbhb.com)
                                              Kirsten L. Thomson (ID No. 6293943)
                                              (thomson@mbhb.com)
                                              **McDonnell Boehnen Hulbert & Berghoff LLP**
                                              300 South Wacker Drive
                                              Chicago, Illinois 60606
                                              Tel.: (312) 913-0001
                                              Fax: (312) 913-0002

Steven F. Borsand (ID No. 6206597)
(Steve.Borsand@tradingtechnologies.com)
**Trading Technologies International, Inc**.
222 South Riverside
Suite 1100
Chicago, IL 60606
Tel: (312) 476-1000
Fax: (312) 476-1182

**Attorneys for Plaintiff,**
**TRADING TECHNOLOGIES**
**INTERNATIONAL, INC.**