**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Trading Technologies International, Inc., <br><br> Plaintiff, <br><br> v. <br><br> BGC Partners, Inc., Cantor Fitzgerald, L.P., BGC Holdings, L.P., and BGC Partners, L.P., <br><br> Defendants. | Civil Action No. 10-CV-715 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Geraldine Soat Brown |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Plaintiff Trading Technologies International, Inc. ("Trading Technologies"), for its second amended complaint against Defendant BGC Partners, Inc. ("BGC"), Cantor Fitzgerald, L.P. ("Cantor"), BGC Holdings, L.P. ("BGCH"), and BGC Partners, L.P. ("BGC U.S.") (collectively, "the BGC entities") states as follows:

**THE PARTIES**

1.  Plaintiff Trading Technologies is a Delaware Corporation with a principal place of business at 222 South Riverside Plaza, Suite 1100, Chicago, Illinois 60606.

2.  Defendant Cantor is a Delaware Corporation with its principal place of business at 499 Park Avenue, New York, NY 10022.

3.  Defendant BGC is a Delaware Corporation with its principal place of business at 499 Park Avenue, New York, NY 10022.

4.  Defendant BGC is controlled and managed by Cantor. Ex. A at 30, 59.

5.  Defendant BGCH is a Delaware Corporation.

6. BGC has both "General Partnership Interests (controlling interest)" and "Special Voting Limited Partnership Interest," in BGCH. Ex. A at 30.

7. Defendant BGCH is controlled and managed by BGC. Ex. A at 29-30.

8. Defendant BGC U.S. is a Delaware Corporation with a place of business at 199 Water Street, One Seaport Plaza, 19th Floor, New York, NY 10038.

9. BGCH has "General Partnership Interest (controlling interest)," "Special Voting Limited Partnership Interest," and "Limited Partnership Interests (60.9% of economics of BGC U.S.)" in BGC U.S. Ex. A at 30.

10. Defendant BGC U.S. is controlled and managed by BGCH. Ex. A at 29-30.

11. BGC holds "Limited Partnership Interests (39.1% of economics of BGC U.S)" in BGC U.S. Ex. A at 30.

12. BGC controls and manages BGC U.S. through its control of BGCH. Ex. A at 29-30.

13. Cantor controls and manages BGC U.S. through its control of BGC. Ex. A at 30, 59.

## JURISDICTION AND VENUE

14. This is an action for patent infringement arising under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court thereby has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. The BGC entities have a regional office in this district at 222 West Adams Street, Chicago, IL 60606-5307.

16. The BGC entities also regularly conduct business in this district. The BGC entities provide trading software that is for use with the exchanges in this district, including the Chicago

Board of Trade ("CBOT") and the Chicago Mercantile Exchange ("CME"). This Court has jurisdiction generally over the BGC entities.

17. The BGC entities have committed and continue to commit acts of patent infringement in this district, through the manufacturing, sale, offer for sale and/or use of trading software, including at a minimum the BGC entities' eSpeed futures trading platform ("the eSpeed software"), and in particular the eSpeedometer module. *See, e.g.*, Ex. B. Therefore, this Court has specific jurisdiction over the BGC entities.

18. The BGC entities reside in this district and are subject to personal jurisdiction in this district. Therefore, this District is a proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,533,056

19. Plaintiff Trading Technologies incorporates paragraphs 1-18 as if set forth in full.

20. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,533,056 ("the '056 patent"), titled "User Interface for an Electronic Trading System," which was duly and legally issued on May 12, 2009. A true and correct copy of the '056 patent is attached as Exhibit C.

21. Plaintiff Trading Technologies is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '056 patent.

22. Plaintiff Trading Technologies has never licensed the BGC entities under the '056 patent nor otherwise authorized the BGC entities to practice the '056 patent.

23. The BGC entities have infringed and continue to infringe one or more claims of the '056 patent by making, using, selling and/or offering for sale products covered by claims of the '056 patent, including at a minimum the eSpeed software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

24. The BGC entities have in the past and continue to promote, advertise and instruct customers and potential customers about the BGC entities' products and uses of the products, including infringing uses. The BGC entities' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.bgcpartners.com.

25. The BGC entities' infringing products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

26. The BGC entities' actions have and continue to constitute active inducement of and contributory infringement of the '056 patent in violation of 35 U.S.C. §271(b) and (c).

27. The BGC entities' infringement of the '056 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 7,587,357

28. Plaintiff Trading Technologies incorporates paragraphs 1-27 as if set forth in full.

29. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,587,357 ("the '357 patent"), titled "Repositioning of Market Information on Trading Screens," which was duly and legally issued on September 8, 2009. A true and correct copy of the '357 patent is attached as Exhibit D.

30. Plaintiff Trading Technologies is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '357 patent.

31. Plaintiff Trading Technologies has never licensed the BGC entities under the '357 patent or otherwise authorized the BGC entities to practice the '357 patent.

32. The BGC entities have infringed and continue to infringe one or more claims of the '357 patent by making, using, selling and/or offering for sale products covered by claims of the '357 patent,

including at a minimum the eSpeed software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

33.     The BGC entities have in the past and continue to promote, advertise and instruct customers and potential customers about the BGC entities' products and uses of the products, including infringing uses. The BGC entities' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.bgcpartners.com.

34.     The Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

35.     The Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '357 patent in violation of 35 U.S.C. §271(b) and (c).

36.     The Defendants' infringement of the '357 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 7,613,651

37.     Plaintiff Trading Technologies incorporates paragraphs 1-36 as if set forth in full.

38.     Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,613,651 ("the '651 patent"), titled "Repositioning of Market Information on Trading Screens," which was duly and legally issued on November 3, 2009. A true and correct copy of the '651 patent is attached as Exhibit E.

39.     Plaintiff Trading Technologies is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '651 patent.

40.     Plaintiff Trading Technologies has never licensed the BGC entities under the '651 patent or otherwise authorized the BGC entities to practice the '651 patent.

41. The BGC entities have infringed and continue to infringe one or more claims of the '651 patent by making, using, selling and/or offering for sale products covered by claims of the '651 patent, including at a minimum the eSpeed software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

42. The BGC entities have in the past and continue to promote, advertise and instruct customers and potential customers about the BGC entities' products and uses of the products, including infringing uses. The BGC entities' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.bgcpartners.com.

43. The Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

44. The Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '651 patent in violation of 35 U.S.C. §271(b) and (c).

45. The Defendants' infringement of the '651 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

## COUNT IV:
## INFRINGEMENT OF U.S. PATENT NO. 7,676,411

46. Plaintiff Trading Technologies incorporates paragraphs 1-45 as if set forth in full.

47. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,676,411 ("the '411 patent"), titled "Click Based Trading with Intuitive Grid Display of Market Depth," which was duly and legally issued on March 9, 2010. A true and correct copy of the '411 patent is attached as Exhibit F.

48. Plaintiff Trading Technologies is in compliance with any applicable marking and notice provisions of 35 U.S.C. § 287, with respect to the '411 patent.

49. Plaintiff Trading Technologies has never licensed the BGC entities under the '411 patent or otherwise authorized the BGC entities to practice the '411 patent.

50. The BGC entities have infringed and continue to infringe one or more claims of the '411 patent by making, using, selling and/or offering for sale products covered by claims of the '411 patent, including at a minimum the eSpeed software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

51. The BGC entities have in the past and continue to promote, advertise and instruct customers and potential customers about the BGC entities' products and uses of the products, including infringing uses. The BGC entities' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.bgcpartners.com.

52. The Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

53. The Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '411 patent in violation of 35 U.S.C. §271(b) and (c).

54. The Defendants' infringement of the '411 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

**RELIEF REQUESTED**

THEREFORE, Plaintiff Trading Technologies prays for judgment and relief including:

(A)  Judgment that the BGC entities have been and are infringing one or more of the claims of the '056, '357, '651, and '411 patents pursuant to 35 U.S.C. §§ 271(a), (b) and (c);

  (B) A preliminary and permanent injunction enjoining the BGC entities and their officers, agents, servants, employees, attorneys, related business entities and those in active concert or participation with them from infringing the '056, '357, '651, and '411 patents;

  (C) An award of damages incurred by Plaintiff Trading Technologies as a result of the BGC entities' infringement of the '056, '357, '651, and '411 patents;

  (D) An assessment of costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285, and prejudgment interest against the BGC entities; and

  (E) Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff Trading Technologies demands trial by jury on all issues so triable.

                                        Respectfully submitted,

Date: <u>June 24, 2010</u>                       By:    <u>s/ S. Richard Carden</u>
Leif R. Sigmond, Jr. (ID No. 6204980)
(sigmond@mbhb.com)
Matthew J. Sampson (ID No. 6207606)
(sampson@mbhb.com)
Michael D. Gannon (ID No. 6206940)
(gannon@mbhb.com)
S. Richard Carden (ID No. 6269504)
(carden@mbhb.com)
Jennifer M. Kurcz (ID No. 6279893)
(kurcz@mbhb.com)
Kirsten L. Thomson (ID No. 6293943)
(thomson@mbhb.com)
**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Steven F. Borsand (ID No. 6206597)
(Steve.Borsand@tradingtechnologies.com)
**Trading Technologies International, Inc**.
222 South Riverside
Suite 1100
Chicago, IL 60606
Tel: (312) 476-1000
Fax: (312) 476-1182

**Attorneys for Plaintiff,
TRADING TECHNOLOGIES
INTERNATIONAL, INC.**