Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 715 | **DATE** | 8/17/2010 |
| **CASE TITLE** | Trading Technologies International, Inc. Vs. BGC Partners, Inc. | | |

**DOCKET ENTRY TEXT**

For these reasons, the Court denies BGC's Motion to Dismiss the First Amended Complaint [24] as moot.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Trading Technologies, Inc. ("Trading Technologies") originally filed suit against BGC Partners, Inc. ("BGC") alleging infringement of four patents owned by Trading Technologies. On June 15, 2010, BGC moved to dismiss the First Amended Complaint in the case for lack of personal jurisdiction, improper venue, and failure to make timely service. (R. 24.) On June 24, 2010, this Court held a status in the case and set a date for ruling on the motion to dismiss of August 24, 2010 if the case was not yet reassigned to a different Judge based on a pending motion to reassign based on relatedness. (*See* R. 33.) The Court also granted Trading Technologies' oral motion for leave to file an amended complaint adding new parties. (*See id.*) After Trading Technologies filed its Second Amended Complaint adding Cantor Fitzgerald, L.P., BCG Holdings, L.P., and BGC Partners, L.P. as parties (collectively, with BGC, "Defendants"), BGC filed a Suggestion of Mootness and Request for Denial of Motion to Dismiss without Prejudice, to which Trading Technologies responded. (*See* R. 37, 41.) The Court then granted all Defendants' Motion for Extension of Time until August 9, 2010 to answer the Second Amended Complaint. (*See* R. 40.) On August 9, 2010, Defendants filed a joint Motion to Dismiss the Second Amended Complaint for lack of personal jurisdiction and improper venue, and the Court set a briefing schedule for that motion on August 11, 2010. (*See* R. 46, 49.) For the reasons stated below, the Court now denies BGC's Motion to Dismiss the First Amended Complaint as moot.

"When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2007); *see also Flannery v. Recording Indus. Assoc. of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.") For that reason, Courts routinely deny motions to dismiss as moot after an amended complaint is filed, unless a defendant wishes to apply that same motion to the amended complaint because the amended complaint has not remedied the previous deficiencies. *See, e.g., Johnson v. FundexGames Ltd.*, No. 08-1660, 2010 WL 935484, at *2 (S.D. Ind., March 10, 2010) (Barker, J.) ("Because the new Complaint supersedes preceding complaints and all related motions, Defendant's Motion to Dismiss and

| STATEMENT |
|---|

Plaintiff's Partial Motion for Summary Judgment are moot and denied as such."); *GMP Tech. v. Zicam, LLC*, 2009 WL 5064762, at *1, n.1 (N.D. Ill. Dec. 9, 2009) (Gottschall, J.) ("Defendants filed a motion to dismiss GMP's original complaint, but GMP sought (and the court granted) leave to amend that complaint. GMP then filed its Amended Complaint, and defendants filed the motion presently before the court. Defendants' motion to dismiss GMP's original complaint is therefore denied as moot."). This case presents a strange procedural posture because Defendants urge the Court to deny the original Motion to Dismiss as moot and TradingTechnologies objects.

In TradingTechnologies' Response to the Suggestion of Mootness, it first argues that BGC's improper service arguments from its original Motion to Dismiss should be denied with prejudice. (*See* R. 41, p. 1.) This argument is no longer applicable, however, as Defendants have not argued for dismissal based on improper service in their Motion to Dismiss the Second Amended Complaint and now take the position that the improper service arguments in the original Motion to Dismiss should be denied as moot. (*See* R. 37, p. 1; R. 47.) Trading Technologies also claims that the Second Amended Complaint "continues to assert the same claims against BGC," and that denying it as moot will unnecessarily delay the case. (*See* R. 41, pp.1, 4-5.) Although the substantive claims in the Second Amended Complaint are the same, however, BGC's Motion to Dismiss the First Amended Complaint was not based on the substantive sufficiency of the claims, but on whether the Court has personal jurisdiction and whether venue is proper. The Second Amended Complaint adds several new defendants. Defendants would be prejudiced if the Court did not dismiss BGC's prior Motion to Dismiss as moot and they were not able to collectively address the propriety of personal jurisdiction and venue given the allegations about each of those new defendants. In addition, "The Parties" section of the Second Amended Complaint are five new paragraphs regarding BGC's relationships with added Defendants, which BGC's Motion to Dismiss the Second Amended Complaint addresses in detail, arguing that there is no personal jurisdiction and the recitation of the relationships between all Defendants does not show minimum contacts. (*See* R. 47, pp. 11-12.) The Second Amended Complaint also adds a 246-page exhibit that comprises its Form 10-K for 2009, which it cites throughout the new allegations about the relationships between the four Defendants. (*See* R. 34, Exhibit A.) Denying the original Motion to Dismiss as moot is appropriate in order to give Defendants an opportunity to collectively respond to the information in this exhibit as it pertains to personal jurisdiction and venue. Moreover, contrary to TradingTechnologies' argument, denying the Motion to Dismiss the First Amended Complaint as moot will not "serve to unnecessarily delay the case," because now all Defendants, including those newly added, are on the same briefing schedule for their Motion to Dismiss the Second Amended Complaint. (*See* R. 41, p. 5.)

For these reasons, the Court denies BGC's Motion to Dismiss the First Amended Complaint as moot.