UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Trading Technologies International, Inc., <br><br> Plaintiff, <br><br> v. <br><br> BGC Partners, Inc., <br><br> Defendant. | Civil Action No. 10-CV-715 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Geraldine Soat Brown |

**TT'S ALTERNATIVE MOTION TO REASSIGN/CONSOLIDATE THE 2010 RELATED ACTIONS FOR PURPOSES OF JUDICIAL EFFICIENCY**

As the Court is probably aware, there are sixteen cases currently pending in the Northern District of Illinois that involve the many of the same and/or related patents owned by Trading Technologies International, Inc. ("TT"). The cases were filed in 2005 and 2010. TT has already moved to have all of the 2005 and 2010 cases globally reassigned/consolidated for pretrial purposes before Judge Coleman, who currently has the lowest numbered relevant case.[1] While TT continues to believe that this is the best mechanism to efficiently manage these cases, in the interim, and as an alternative, TT moves to at least reassign/consolidate the twelve 2010 cases to this Court, which has the lowest numbered 2010 case.

During the pendency of the global reassignment/consolidation motion, which was filed on June 30, 2010, it has been suggested by at least one judge from another pending TT case that perhaps the 2005 and 2010 cases are not susceptible to being reassigned to the same Court due to

---

[1] TT's Memorandum was filed in case no 05-cv-4088, Dkt. 337, as well as a Reply filed *instanter* at Dkt. 379. The various Defendants' responses to TT's motion may be found at 05-cv-4088, Dkts. 355, 358, 362, 365-67, 370, 373-74, and a Sur-Reply filed *instanter* is found at Dkt. 385. TT will be providing a courtesy copy of both its prior filing and Defendants' responses herewith.

the disparity in progress between the cases.[2] TT had previously addressed this issue by requesting in its original motion that the 2005 and 2010 cases proceed on different tracks, with the 2005 cases ready for trial shortly and the 2010 cases on a different track following the Local Patent Rules. Nonetheless, TT has filed the present motion because at a minimum, if TT's global motion to reassign is not granted to the extent it seeks reassignment of the 2010 cases, at least all of the 2010 cases should be before one Court. Additionally, it would save substantial resources of the parties and the court for the 2010 cases to be reassigned together while the global motion is being considered.

TT's present motion does not preclude Judge Coleman from ultimately determining that it is appropriate to put the 2005 and 2010 cases together before her even if this Court grants TT's present motion first. However, the present motion does ensure that if Judge Coleman rejects TT's global motion, because that motion seeks to combine the 2005 and 2010 cases, an alternative approach is readily available and could be employed to maximize judicial efficiency. Even in that event, presumably the three 2005 cases will all be before Judge Coleman. In either event, the TT cases will be able to proceed efficiently with consistent guidance from one (or two) judges.

Accordingly, TT respectfully requests that this Court expeditiously consider TT's motion.

## I.   FACTUAL BACKGROUND

In 2004/2005, TT filed eighteen lawsuits in this district alleging infringement of the same patents—the '132 and the '304. Of these lawsuits, thirteen settled, resulting in consent judgments finding infringement and acknowledging the patents' validity. Only RCG, GL, CQG,

---

[2] For example, at the October 13, 2010 hearing, Judge Pallmeyer indicated her belief that the 2005 and 2010 cases were not susceptible of being reassigned to the same Court. (Ex. A, Hr'g Tr. 15.) However,

FuturePath, and eSpeed (a.k.a. BGC) did not settle, and those cases remained pending.

In February of 2010, TT filed an additional twelve lawsuits alleging infringement of at least three of the following patents:

- Brumfield family of patents (3/2/2000 priority date):
    - U.S. Patent No. 6,766,304 ("the '304 patent")
    - U.S. Patent No. 6,772,132 ("the '132 patent")
    - U.S. Patent No. 7,127,424 (continuation-in-part of the '132 patent ) ("the '424 patent")
    - U.S. Patent No. 7,676,411 (continuation of the '132 patent) ("the '411 patent")
    - U.S. Patent No. 7,693,768 (continuation of the '132 patent) ("the '768 patent")
    - U.S. Patent No. 7,725,382 (continuation of the '132 patent) ("the '382 patent")
- Friesen family of patents (4/9/1999 priority date):
    - U.S. Patent No. 7,212,999 ("the '999 patent")
    - U.S. Patent No. 7,412,416 ("the '416 patent")
    - U.S. Patent No. 7,533,056 ("the '056 patent")
- Buck family of patents (6/30/03 priority date):
    - U.S. Patent No. 7,587,357 ("the '357 patent")
    - U.S. Patent No. 7,613,651 ("the '651 patent")

These patents are all directed to systems and/or methods of trading on a graphical user interface with a price axis. Because these patents are directed to the same general subject matter, they will share similar prior art.

This Court has the first filed case, *Trading Technologies Int'l, Inc. v. BGC et al.*, 10-CV-715, in which four patents have been asserted ('411 Brumfield, '056 Friesen, '357 and '651 Buck). Thus, this Court already has before it at least one patent from every family of asserted patents among the cases.

In all cases, TT has asserted the '132 and '304 patents (with the exception of the parties involved in the 2005 cases, in which these patents were asserted, *i.e.,* BGC, Sungard, FuturePath,

---

she indicated that the 2010 cases would be susceptible of being reassigned before the first-filed Judge.

CQG, and RCG), and the '411 patent (collectively "the Brumfield family"). The '411 patent is a continuation of the application that led to the '304 and '132 patents in the actions pending before this Court.[3] Thus, it shares the same specification, inventors, and relevant priority date.

In all cases, TT has also asserted infringement of at least one patent from the Friesen family of patents, the '056 patent. In all but one case, TT has asserted another patent from the Friesen family, the '999 patent. The three Friesen patents all share the same specification, inventors, and relevant priority date.

---

(*Id.* at 10.)
[3] In addition, TT asserted against one defendant the '424 patent, a continuation-in-part of the application leading to the Brumfield family. TT also alleged infringement of the '768 and '382 patents against one defendant. TT charged four defendants with infringement of the '357 and '651 patents (collectively "the Buck family").

TT's filings are detailed below:

| Case | Docket # | Initial Filing Date | Judge | Patents Asserted: |
|---|---|---|---|---|
| BGC (successor to eSpeed) | 10-C-715 | 02/03/2010 (Dkt. 34) | Kendall | 056, 357, 651, 411 |
| SunGard/GL Trade | 10-C-716 | 02/03/2010 (Dkt. 15) | Pallmeyer | 999, 056, 411 |
| CQG (2010) | 10-C-718 | 02/03/2010 (Dkt. 16) | Shadur | 424, 999, 056, 411 |
| FuturePath (2010) | 10-C-720 | 02/03/2010[4] (Dkt. 17) | Reassigned to Pallmeyer | 999, 056, 416, 411 |
| IBG | 10-C-721 | 02/03/2010 (Dkt. 16) | Shadur | 304, 132, 999, 416, 056, 411 |
| Cunningham | 10-C-726 | 02/03/2010 (Dkt. 15) | Hibbler | 304, 132, 999, 416, 056, 357, 651, 411 |
| Stellar | 10-C-882 | 02/10/2010 (Dkt. 12) | Kendall | 304, 132, 999, 056, 357, 651, 411 |
| TD Ameritrade (Thinkorswim) | 10-C-883 | 02/09/2010 (Dkt. 14) | Der-Yeghiayan | 304, 132, 999, 056, 411 |
| Tradestation | 10-C-884 | 02/03/2010 (Dkt. 16) | Holderman | 304, 132, 999, 056, 411, 768, 382 |
| Open E Cry | 10-C-885 | 02/09/2010 (Dkt. 15) | Shadur | 304, 132, 999, 056, 411 |
| RCG (2010) | 10-C-929 | 02/10/2010 (Dkt.16) | Pallmeyer | 999, 056, 357, 651, 411 |
| Tradehelm | 10-C-931 | 02/10/2010 (Dkt. 15) | Pallmeyer | 304, 132, 999, 056, 411 |

While all of the 2010 cases are still in the very early stages of litigation, with discussions being held regarding the protective order and initial discovery and contentions under the Local Patent Rules, two cases have been stayed (*e.g.*, *TT v. FuturePath* and *TT v. TD Ameritrade*) pending the ruling on reassignment.[5] Still other cases are in a holding pattern awaiting a ruling. Thus, in an effort to ensure that the cases do not become too far off track from one another, TT requests that this Court take action at least with respect to the 2010 cases.

---

[4] TT is aware that L.R. 40.4(c) requires attachment of all complaints in the cases requested reassigned. However, in an effort not to overburden the Court, TT has cited the docket numbers for the current complaint in each case. If a courtesy copy of all complaints is helpful to the Court, TT will provide these upon request.

## II. LEGAL BACKGROUND

Local Rule 40.4 permits later-filed actions to be reassigned to the calendar of another judge to promote judicial economy and "minimiz[e] duplication of effort on cases that have a great deal in common." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 CV 4623, 2008 WL 1848142, at * 2 (N.D. Ill. Apr. 23, 2008).[6] Cases are "related" if they involve the same property or if the cases involve some of the same issues of fact or law. L.R. 40.4(a)(1)-(2).

Once a case is determined to be related, it may be reassigned if:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). The Court also has authority to consolidate pursuant to Fed. R. Civ. P. 42(a): "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

## III. THIS COURT SHOULD REASSIGN/CONSOLIDATE FOR PRETRIAL PURPOSES THE 2010 RELATED CASES TO PROMOTE JUDICIAL ECONOMY

Reassignment/consolidation is appropriate because the 2010 cases are all related, as they involve several patents from the same families of patents (drawn to the same subject matter), and thus share a multitude of common issues of fact and law, including prior art, technology, and witnesses. L.R. 40.4(a). The witnesses needed for trial (inventors, developers, alleged third party prior art witnesses, etc.) also overlap significantly.

---

[5] TT is aware that typically this jurisdiction requires that a party seeking reassignment wait to do so until all parties have answered. While most parties have answered or otherwise plead, two cases have been stayed pending a ruling on TT's Motion to Reassign/Consolidate.

All four factors under Local Rule 40.4(b) are satisfied. All of the cases are pending in this jurisdiction. L.R. 40.4(b)(1). Judicial economy would be maximized by having one judge oversee all proceedings and discovery. L.R. 40.4(b)(2). Currently, these cases are spread over the dockets of six judges (Der-Yeghiayan, Hibbler, Holderman, Kendall, Pallmeyer, and Shadur).[7] Thus, putting the cases before one Judge would eliminate duplicitous work and rulings. Similarly, these cases all involve several patents from the same families of patents, and thus share a multitude of common issues of fact and law, including prior art, technology, and witnesses. Absent reassignment, the same issue would be addressed by different Judges, leading to potentially disparate results on common issues that span all cases. In a similar case, the Court recognized the following judicial savings in granting a patentee's motion to reassign a case from Judge Holderman to Judge Darrah:

> [T]he Court agrees with Plaintiff that reassignment would save judicial resources with respect to claim construction, adjudication of common discovery disputes, and adjudication of issues relating to validity and other defenses common among [defendant in the later-filed case] and the defendants to the instant action. Patent cases often require a significant investment of the Court's time due to the potentially complicated nature of the subject matter underlying the litigation. When the same technology is simultaneously asserted in multiple cases for similar alleged acts of infringement, it makes little sense to require two judges to invest the time and effort necessary to understand the technical and factual issues common to both cases. Furthermore, reassignment would save judicial time and effort by avoiding potentially inconsistent rulings with regard to claim construction as well as with regard to invalidity and infringement issues that may arise in the context of motions for summary judgment.

*21 SRL v. Enable Holdings, Inc.*, No. 09-cv-3667, 2009 WL 4884177, at *2 (N.D. Ill. Dec. 9, 2009). The presence of different accused products among the various cases does not preclude reassignment. *Id.* at *1-4. To the contrary, both Judges Gottschall and Pallmeyer recently

---

[6] Unpublished cases have been provided as Exhibit B.
[7] TT would vehemently oppose any reassignment/consolidation that would slow down any of the 2005 cases, which are almost ready for trial, in any event.

reassigned cases involving different accused products. *See* 05-cv-4120, Dkt. 262 (reassigning *TT v. FuturePath,* 05-cv-5164, despite FuturePath not being a customer of Sungard's and selling its own accused product); 10-cv-716, Dkt. 77 (reassigning *TT v. FuturePath*, 10-cv-720, despite FuturePath not being a customer of Sungard's and selling its own accused product).

There would be no substantial delay to the first-filed case, *TT v. BGC*, under TT's proposal. L.R. 40.4(b)(3). Indeed, this Court has yet to rule on BGC's motion to dismiss for want of personal jurisdiction, and thus, the case has not substantively proceeded on any issue.

Further, the cases are also susceptible to disposition in a single proceeding. L.R. 40.4(b)(4). For example, the Court could handle issues such as claim construction (*Markman* hearing), summary judgment or even trial together.[8] *21 SRL*, 2009 WL 4884177, at *3; *Global Patent Holdings*, 2008 WL 1848142, at *4; s*ee also*, *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *3 (N.D. Ill., Nov. 25, 2002) (noting that reassignment of cases "requires only a finding that the cases are 'susceptible' (that is, capable) of determination in a single proceeding"). Two parties—GL and FuturePath—have already requested that their cases be tried together despite involving different products, so clearly they agree with the rationale behind TT's proposal. The invalidity/unenforceability issues are common across the 2010 defendants, and the Court could address them all at once. Many other pre-trial issues could be handled collectively, such as the protective order.

Accordingly, at a minimum these cases should be reassigned/consolidated for the limited purposes of dealing with common issues. Exs. C, D, 05-4811, Dkts. 30, 31; Ex. E, 05-4120, Dkt. 31. However, unlike the prior reassignment of the TT 2005 cases before Judge Moran for common issues, which left the originally assigned Judges handling infringement issues and

conducting trials in a vacuum, without any benefit of the background developed during the nearly two years of coordination, TT proposes having one Judge oversee all issues in the related cases. TT proposes that the twelve pending 2010 cases be consolidated for pretrial proceedings, with a determination regarding trial reserved in the future.

Reassignment/consolidation is critical to protect numerous witnesses and third parties from wasteful repetitive discovery. As things stand now, third party deponents and other witnesses, including numerous witnesses who have already been deposed multiple times, could be deposed *over a dozen* times absent coordinated discovery. There is simply no basis to subject these witnesses to such an undue burden on their time and resources.

Further, reassignment is needed to prevent inconsistent rulings among the various Courts handling these cases—whether claim construction, protective orders, discovery disputes, or summary judgment issues. Reassignment is needed to ensure that the same issues are treated in the same manner across all cases.

The Court need not determine at this point whether it makes sense to handle some or all of the cases in one trial. The experience before Judge Moran shows the benefits of reassigning at least for common pre-trial issues. A decision on trial proceedings can be made at a later date when the cases are more fully developed.

## V. CONCLUSION

Judicial economy would be best served by reassigning/consolidating the twelve pending 2010 cases for pretrial proceedings and determining at a later date whether to consolidate for trial is the best route to maximize judicial efficiencies, reduce burden on witnesses and third parties, while ensuring consistent treatment of issues. If some type of coordination of pretrial proceedings

---

[8] TT does not request that the cases be actually handled in a single trial at this time, and such is not

in the 2010 cases does not occur, judicial economy will suffer as these cases progress because the same issues will be raised again and again before different Judges. Accordingly, Trading Technologies requests that this Court grant its motion to reassign/consolidate proceedings before this Court.[9]

Respectfully submitted,

Date: October 18, 2010

By: s/ Kirsten L. Thomson
Leif R. Sigmond, Jr. (ID No. 6204980)
(sigmond@mbhb.com)
Matthew J. Sampson (ID No. 6207606)
(sampson@mbhb.com)
Michael D. Gannon (ID No. 6206940)
(gannon@mbhb.com)
S. Richard Carden (ID No. 6269504)
(carden@mbhb.com)
Jennifer M. Kurcz (ID No. 6279893)
(kurcz@mbhb.com)
Kirsten L. Thomson (ID No. 6293943)
(thomson@mbhb.com)
**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Steven F. Borsand (ID No. 6206597)
(Steve.Borsand@tradingtechnologies.com)
**Trading Technologies International, Inc**.
222 South Riverside
Suite 1100
Chicago, IL 60606
Tel: (312) 476-1000
Fax: (312) 476-1182

**Attorneys for Plaintiff,
TRADING TECHNOLOGIES INT'L, INC.**

---

required for reassignment. *Fairbanks Capital Corp.*, 2002 WL 31655277, at *3.
[9] Pursuant to this Court's order, TT has emailed a proposed order to the Court at Proposed_Order_Kendall@ilnd.uscourts.gov.

10

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on October 18, 2010 as follows:

*Via Filing with this Court's CM-ECF System and E-mail:*

| | |
|---|---|
| **Counsel for BGC,** *et al.* **(Case No. 10-CV-0715):** | Gary Rosen<br>Law Offices of Gary A. Rosen, P.C.<br>1831 Chestnut Street, 7th Floor<br>Philadelphia, PA 19103<br>grosen@logarpc.com |
| | Andrew Johnstone<br>Winston & Strawn LLP<br>35 W. Wacker Drive<br>Chicago, Illinois 60601-9703<br>ajohnstone@winston.com |
| **Counsel for CQG,** *et al.* **(Case No. 10-CV-0718):** | Nina Wang<br>Faegre & Benson, LLP<br>1900 Fifteenth Street<br>Boulder, CO 80302<br>nwang@faegre.com |
| | Kara Cenar<br>Bryan Cave LLP<br>161 North Clark Street, Suite 4300<br>Chicago, IL 60601-3315<br>kara.cenar@bryancave.com |
| **Counsel for Cunningham,** *et al.* **(Case No. 10-CV-0726):** | John A. Leja<br>McGuire Woods, LP<br>77 W Wacker, Suite 4400<br>Chicago, IL 60601<br>jleja@mcguirewoods.com |
| **Counsel for Interactive Brokers,** *et al.* **(10-CV-721):** | Michael Levin<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>mlevin@wsgr.com |
| | Steven P. Mandell<br>333 W. Wacker Drive<br>Suite 300<br>Chicago, IL 60606<br>smandell@mandellmenkes.com |
| **Counsel for Open E Cry,** *et al.* **(Case No. 10-CV-885):** | Robert W. Unikel<br>Kaye Scholer LLP<br>70 West Madison Street, Suite 4100<br>Chicago, IL 60602<br>robert.unikel@kayescholer.com |

| | |
|---|---|
| **Counsel for Rosenthal Collins Group:** (Case No. 10-CV-0929) | Geoffrey A. Baker<br>Dowell Baker, P.C.<br>201 Main Street, Suite 710<br>Lafayette, IN 47901<br>gabaker@dowellbaker.com<br><br>Jeffrey A. Schulman<br>Wolin and Rosen<br>55 West Monroe Street, Suite 3600<br>Chicago, IL 60603<br>jschulman@wolinlaw.com |
| **Counsel for Stellar,** *et al.* (10-CV-882): | Ralph Joseph Gabric<br>Brinks Hofer Gilson & Lione<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL 60611-5599<br>rgabric@usebrinks.com |
| **Counsel for TD Ameritrade,** *et al.* (Case No.10-CV-883): | Michael Levin<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>mlevin@wsgr.com<br><br>Steven P. Mandell<br>333 W. Wacker Drive<br>Suite 300<br>Chicago, IL 60606<br>smandell@mandellmenkes.com |
| **Counsel for Tradehelm** (Case No. 10-CV-931): | Bradford P. Lyerla<br>Jenner & Block<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>blyeria@jenner.com |
| **Counsel for Tradestation,** *et al.* (Case No. 10-CV-884): | David J Healey<br>Fish & Richardson P.C.<br>One Houston Center<br>1221 Mckinney, Suite 2800<br>Houston, TX 77010<br>healey@fr.com<br><br>George Summerfield<br>Stadheim & Grear<br>Wrigley Tower - 22nd Floor<br>400 North Michigan Avenue<br>Chicago, Illinois 60611<br>summerfield@stadheimgrear.com |

| | |
|---|---|
| **Counsel for FuturePath, Inc.**<br>**(Case No. 10-CV-0720)**<br>**Counsel for GL Trade/Sungard et al.**<br>**(Case No. 10-CV-716)** | Lora A. Moffatt<br>Salans<br>Rockefeller Center<br>620 Fifth Ave<br>New York, NY 10020-2457<br>lmoffatt@salans.com<br><br>Philippe Bennett<br>Alston & Bird, LLP<br>90 Park Avenue<br>New York, NY 10016-1387<br>pbennett@alston.com |

s/ Kirsten L. Thomson