# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 715 | **DATE** | 2/3/2011 |
| **CASE TITLE** | Trading Technologies International, Inc. Vs. BGC Partners, Inc. | | |

### DOCKET ENTRY TEXT

For these reasons, the Court grants TT's Motion for Consolidation and Reassignment as related cases. The 2010 cases only are consolidated and reassigned to this Court as related. All parties are directed to attend a status conference in this Court on February 28, 2011 at 9:30 a.m. Prior to that status, the parties are directed to prepare a chart of each party's current status in the individual cases. This chart shall include all pending motions and if they are fully briefed and a one line description of the pending motion. The chart shall also include the lead contact from each firm, a one line status of discovery, and whether a settlement discussion would be fruitful within the next three months. The consolidated status chart shall be filed on or before February 24, 2011.

■[ For further details see text below.]                              Docketing to mail notices.

---

## STATEMENT

Plaintiff Trading Technologies International, Inc. ("TT") has sixteen cases pending in the Northern District of Illinois alleging patent infringement. The four cases filed in 2005 are before Judges Coleman and Gottschall. The remaining twelve cases filed in 2010 have been assigned to six different judges.[1] Judge Coleman denied TT's motion for global consolidation of all the 2005 and 2010 cases. Because this Court has the lowest-numbered 2010 case, TT has filed a motion to reassign and consolidate all of the 2010 cases for purposes of discovery and claim construction. *See* L.R. 40.4. For the following reasons, TT's Motion to Reassign and Consolidate is granted.

Under Local Rule 40.4(a), cases are "related" if they involve the same property, "some of the same" issues of fact or law, or "grow out of the same transaction or occurrence." Upon a finding of relatedness, reassignment is proper where: the cases are pending in this court, one judge handling the cases would result in saving substantial "judicial time and effort," the cases are procedurally in a similar place so that reassignment would not "substantially" delay the earliest case, and the cases are "susceptible of disposition in a single proceeding." *See* L.R. 40.4(b).

The 2010 cases are sufficiently "related" under Local Rule 40.1(a). The patents at issue here all involve TT's products for "trading [financial instruments] on a graphical user interface with a price axis." There is significant overlap in the patents at issue in the 2010 cases. While each case does not involve precisely the same patents, the 2010 cases collectively involve the same three patent families: (1) Brumfield family: '304, '132, '424, '411, '768, and '382 patents; (2) Friesen family: '999, '416, and '056 patents; and (3) Buck family: '357 and '651 patents. TT has asserted the '056 Friesen and '144 Brumfield patents in every 2010 case, and the '999 Friesen patent in all cases except for one. The lowest-numbered 2010 case, *Trading Technologies Int'l, Inc. v. BGC et al*, which is before this Court, includes patent infringement claims of all three patent families. Because the patent infringement claims all fall under the same three patent families, they share similar issues of law and fact. The

## STATEMENT

2010 cases will also involve common witnesses and discovery material. Likewise, the 2010 lawsuits have resulted from the "same transaction," namely, the use of systems and methods that aid in the trading of financial instruments.

The 2010 cases also meet the test for reassignment. All twelve cases are pending in the Northern District of Illinois. Substantial time and effort will be conserved by reassignment for discovery because the cases involve similar technology and reassignment would avoid inconsistent rulings for claim construction, invalidity, and infringement issues. *See, e.g., 21 srl v. Enable Holdings, Inc.*, No. 09 C 3667, 2009 WL 4884177, at *2 (N.D. Ill. Dec. 9, 2009) (Darrah, J.) (similar technology and desire for consistent rulings was central to finding reassignment would save judicial resources). Moreover, no substantial delay would result from reassignment because the *BGC* case before this Court is in the pleading stage, and none of the 2010 cases have progressed far into discovery. Finally, for the reasons articulated above—similar patents at issue, interest in uniform rulings on pretrial issues–especially claim construction, overlapping witnesses, saving judicial resources—these cases are "susceptible" to reassignment.

For these reasons, the Court grants TT's Motion for Consolidation and Reassignment as related cases. The 2010 cases only are consolidated and reassigned to this Court as related. All parties are directed to attend a status conference in this Court on February 28, 2011 at 9:30 a.m. Prior to that status, the parties are directed to prepare a chart of each party's current status in the individual cases. This chart shall include all pending motions and if they are fully briefed and a one line description of the pending motion. The chart shall also include the lead contact from each firm, a one line status of discovery, and whether a settlement discussion would be fruitful within the next three months. The consolidated status chart shall be filed on or before February 24, 2011.

---

1. (1) Judge Kendall has 10 C 715 and 10 C 882; (2) Judge Pallmeyer has 10 C 716, 10 C 720, 10 C 929, and 10 C 931; (3) Judge Shadur has 10 C 718, 10 C 721, and 10 C 885; (4) Judge Hibbler has 10 C 726; (5) Judge Der-Yeghiayan has 10 C 883; and (6) Chief Judge Holderman has 10 C 884.