**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Trading Technologies International, Inc., <br><br> Plaintiff, <br><br> v. <br><br> TradeStation Securities, Inc. et al. <br><br> Defendants. | Case No. 10-CV-884 <br> Related Case No. 10-CV-715 <br><br> Related Case Nos. 10-CV-716; 10-CV-718; 10-CV-720; 10-CV-721; 10-CV726; 10-CV-882; 10-CV-883; 10-CV885; 10-CV-929; 10-CV-931 <br><br> Judge Virginia M. Kendall |

**Brief Case Management Statement by the
TradeStation Defendants for February 28, 2011 Conference**

Defendants, TradeStation Securities, Inc. and TradeStation Group, Inc. (collectively, "TradeStation"), submit this brief statement of their position for the February 28, 2011 case management conference.

The crux of the dispute and the barrier to settlement between TradeStation and Plaintiff Trading Technologies International, Inc. ("TT") is the interpretation and application of the Federal Circuit's opinion in *Trading Technologies International, Inc. v. eSpeed*, 595 F.3d 1340 (Fed. Cir. 2010) (Ex. A hereto), which focused on the limitation of TT's patents to a graphical user interface for trading that was "static" and could only be manually reset (i.e., had no automated resetting or re-centering).

TradeStation's case was more advanced than nearly all of the other "2010 cases" at the time of reassignment: a protective order was entered; Local Patent Rule 2.1 disclosures were completed; documents were (and continue to be) exchanged; and interrogatories and document requests were answered. There have been extensive settlement talks between TradeStation and

1

TT. Unlike some other defendants in the 2010 cases, there is no counterpart "2005 case" - this is the only case between TradeStation and TT.

TradeStation has a single product that is focused on research, testing, and automation of trading strategies. The accusations of infringement center on one of numerous graphical user interfaces ("GUI") in TradeStation's product (such GUI is called the "Matrix"), which was designed as a dynamic, "auto-centering" tool to assist the customer in making trading decisions and placing trade orders. The product was delivered with the Matrix GUI in a default setting of "manual," so that the user could choose which automated setting he or she would use.[1] After being sued in 2010, TradeStation removed this default manual setting from the Matrix. This redesign involved minimal changes to a much larger, more complex, product that was marketed for research, testing and automation of trading strategies. TradeStation 9.0 is the re-designed product (the change made to remove the default manual setting from the Matrix was one of numerous upgrades and enhancements made to the TradeStation product in Version 9.0). TradeStation demonstrated this revised product to TT in TT's Chicago office prior to its release, and has since produced formal discovery on it.

TradeStation believes that if TT supplements its pleading and infringement contentions as to TradeStation 9.0, then TradeStation will likely prevail on a motion for summary judgment of non-infringement as a matter of law under the Federal Circuit's *eSpeed* opinion, or on a partial motion for summary judgment under that opinion which would dispose of most issues in its case. If successful, this would streamline TradeStation's case.

Because the default manual setting of the Matrix GUI was by no means the source of demand of the TradeStation product (or of even the Matrix itself, which was offered as an

---

[1] TradeStation's marketing focus has been on automated trading strategies, and TradeStation's product was, from its 2001 launch, touted as enabling fully automated trading.

automated tool in which the customer chooses his or her own automation setting), and could have been easily removed any time since its beta release in 2003, long before the instant suit was filed in 2010, not only are there meritorious defenses to infringement and validity, but also defenses to damages (apportionment and laches).

TradeStation proposes that: 1) its case remain separate from, but be coordinated for depositions with, the other cases (and potentially other overlapping events); 2) TT replead or revise its infringement contentions to add TradeStation 9.0 and any other patents or allegations as to TradeStation, to which TradeStation will respond; and 3) since no depositions can occur until other cases "catch up," in the intervening time TradeStation bring a motion for summary judgment, or, in the alternative, partial summary judgment, that TradeStation 9.0 does not infringe any valid claim of a TT patent (or an intermediate issue significant to that question), based on the Federal Circuit's *eSpeed* opinion, before any other proceedings in the case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: February 25, 2011 | /s/George C. Summerfield |
|  | George C. Summerfield |
|  | Steven R. Pedersen |
|  | STADHEIM & GREAR |
|  | 400 North Michigan Avenue |
|  | Suite 2200 |
| OF COUNSEL: | Chicago, Illinois 60611 |
| David J. Healey | (312) 755-4400 |
| Ana E. Kadala |  |
| FISH & RICHARDSON P.C. |  |
| One Houston Center |  |
| 1221 Mckinney, Suite 2800 |  |
| Houston, Texas 77010 |  |
| (713) 654-5300 |  |

*Attorneys for Defendants TradeStation Securities, Inc. and TradeStation Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2011, I caused the forgoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record in the following related case nos. 10-CV-884; 10-CV-715; 10-CV-716; 10-CV-718; 10-CV-720; 10-CV-721; 10-CV726; 10-CV-882; 10-CV-883; 10-CV885; 10-CV-929; 10-CV-931.

/s/George C. Summerfield