**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Trading Technologies International, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No. 10-CV-715 |
| ) | (Consolidated from 10-CV-883) |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| thinkorswim Group, Inc., TD AMERITRADE, ) | |
| Inc., TD AMERITRADE Holding Corp., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants thinkorswim Group, Inc., TD AMERITRADE, Inc., and TD AMERITRADE

Holding Corp. (collectively "the TD AMERITRADE Defendants"), for their answer ("Answer")

to Trading Technologies International, Inc.'s ("TT") Amended Complaint for Patent

Infringement and Demand for Jury Trial ("Complaint"), aver as follows:

**PARTIES**

1.   Plaintiff Trading Technologies is a Delaware Corporation with a principal place of

business at 222 South Riverside Plaza, Suite 1100, Chicago, Illinois 60606.

**ANSWER TO PARAGRAPH 1:**

The TD AMERITRADE Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 1 of the Complaint, and on that basis deny

them.


2.   Defendant thinkorswim Group, Inc. is a Delaware Corporation with its corporate

headquarters at 45 Rockefeller Plaza, Suite 2012, New York, New York, 10111, and a principal

place of business at 600 W. Chicago Avenue, Suite 100, Chicago, Illinois 60654-2597.

**ANSWER TO PARAGRAPH 2:**

The TD AMERITRADE Defendants admit that thinkorswim Group, Inc. is a Delaware Corporation. The TD AMERITRADE Defendants deny the remaining allegations of paragraph 2 of the complaint.

3. Defendant TD AMERITRADE, Inc. is a New York Corporation with its principal place of business at 4211 South 102nd Street, Omaha, Nebraska, 68127.

**ANSWER TO PARAGRAPH 3:**

The TD AMERITRADE Defendants admit that TD AMERITRADE, Inc. is a New York Corporation. The TD AMERITRADE Defendants deny the remaining allegations of paragraph 3 of the complaint.

4. Defendant TD AMERITRADE Holding Corporation is a Delaware Corporation with its corporate headquarters and principal place of business at 4211 South 102nd Street, Omaha, Nebraska, 68127.

**ANSWER TO PARAGRAPH 4:**

The TD AMERITRADE Defendants admit the allegations of paragraph 4 of the Complaint.

5. Defendants TD AMERITRADE, Inc. and TD AMERITRADE Holding Corporation also maintain offices at 10 South Wacker Drive, Chicago, Illinois, 60606; 1315 West 22nd Street, Oak Brook, Illinois 60523; and 630 East Golf Road, Schaumburg, Illinois 60173.

**ANSWER TO PARAGRAPH 5:**

The TD AMERITRADE Defendants admit that TD AMERITRADE, Inc. maintains offices at 10 South Wacker Drive, Chicago, Illinois, 60606; 1315 West 22nd Street, Oak Brook, Illinois 60523; and 630 East Golf Road, Schaumburg, Illinois 60173. The TD AMERITRADE Defendants deny the remaining allegations of paragraph 5 of the complaint.

## JURISDICTION AND VENUE

6.   This is an action for patent infringement arising under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court thereby has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER TO PARAGRAPH 6:**

The TD AMERITRADE Defendants admit the allegations of paragraph 6 of the Complaint.

7.   Defendant thinkorswim Group, Inc. regularly conducts business in this district. Thinkorswim's trading software products, including at a minimum thinkDesktop, webBasedTrading, thinkAnywhere, thinkMobile, thinkMicro, and paperMoney, and the ActiveTrader component of such products ("the thinkorswim products") provide access to exchanges in this district, including the Chicago Board Options Exchange ("CBOE").  Ex. A.

**ANSWER TO PARAGRAPH 7:**

The TD AMERITRADE Defendants admit that the thinkDesktop product contains a component known as ActiveTrader.  The TD AMERITRADE Defendants admit that the thinkDesktop, webBasedTrading, thinkAnywhere, thinkMobile, and thinkMicro products provide access to exchanges in this district, including the Chicago Board Options Exchange.  The TD AMERITRADE Defendants deny the remaining allegations of paragraph 7 of the Complaint.

8.   Defendant thinkorswim Group Inc. has committed and continues to commit acts of patent infringement in this district.  Therefore, this Court has specific jurisdiction over Defendant thinkorswim.

**ANSWER TO PARAGRAPH 8:**

The TD AMERITRADE Defendants deny the allegations of paragraph 8 of the Complaint.

9.   Defendant thinkorswim Group, Inc. is a wholly-owned subsidiary of Defendant TD AMERITRADE Holding Corp.

**ANSWER TO PARAGRAPH 9:**

The TD AMERITRADE Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants TD AMERITRADE, Inc. and TD AMERITRADE Holding Corp. have committed and continue to commit acts of patent infringement in this district.  Defendants TD AMERITRADE, Inc. and TD AMERITRADE Holding Corp., have, at a minimum, advertised and offered for sale the thinkorswim products in this jurisdiction.  Therefore, this Court has specific jurisdiction over Defendants TD AMERITRADE, Inc. and TD AMERITRADE Holding Corp.

**ANSWER TO PARAGRAPH 10:**

The TD AMERITRADE Defendants admit that this court has specific jurisdiction over TD AMERITRADE, Inc.  The TD AMERITRADE Defendants admit that Defendant TD AMERITRADE, Inc. has advertised and offered for sale the thinkorswim products in this jurisdiction.  The TD AMERITRADE Defendants deny the remaining allegations of paragraph 10 of the Complaint.

11. Defendants, TD AMERITRADE, Inc. and TD AMERITRADE Holding Corp. reside in this district and, as such, they are subject to personal jurisdiction in this district.  Therefore, this District is a proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER TO PARAGRAPH 11:**

The TD AMERITRADE Defendants admit TD AMERITRADE, Inc. resides in this district and, as such, is subject to personal jurisdiction in this district.  The TD AMERITRADE Defendants admit that this district is a proper venue pursuant to 28 U.S.C. §§ 1391(b) and

1400(b). The TD AMERITRADE Defendants deny the remaining allegations of paragraph 11 of the Complaint.

## ANSWER TO COUNT I:

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,766,304

12. Plaintiff Trading Technologies incorporates paragraphs 1-11 as if set forth in full.

**ANSWER TO PARAGRAPH 12:**

The TD AMERITRADE Defendants incorporate their answers to paragraphs 1-11 of the Complaint.

13. Plaintiff Trading Technologies is the owner of U.S. Patent No. 6,766,304 ("the '304 patent"), titled "Click Based Trading with Intuitive Grid Display of Market Depth," which was duly and legally issued on July 20, 2004. A true and correct copy of the '304 patent is attached as Exhibit B.

**ANSWER TO PARAGRAPH 13:**

In answer to paragraph 13, the TD AMERITRADE Defendants admit that Exhibit B purports to be a copy of U.S. Patent No. 6,766,304 ("the '304 patent") entitled "Click Based Trading with Intuitive Grid Display of Market Depth." The TD AMERITRADE Defendants admit that the face of the '304 patent shows an issue date of July 20, 2004. The TD AMERITRADE Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint, and on that basis deny them.

14. Plaintiff Trading Technologies has never licensed Defendants under the '304 patent nor otherwise authorized Defendants to practice the '304 patent.

**ANSWER TO PARAGRAPH 14:**

The TD AMERITRADE Defendants admit that TT has not expressly licensed the '304 patent to any of the TD AMERITRADE Defendants. The TD AMERITRADE Defendants lack

Defendants' Answer and Counterclaims

knowledge or information sufficient to form a belief as to whether TT has licensed the '304 patent to any other entity, or otherwise committed any acts, that would give any of the TD AMERITRADE Defendants a license to practice the '304 patent.

15. Defendants have infringed and continue to infringe the '304 patent by making, using, selling and/or offering for sale the thinkorswim products covered by claims of the '304 patent, including, at a minimum, the Active Trader component of the thinkorswim products (Ex. C), without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**ANSWER TO PARAGRAPH 15:**

The TD AMERITRADE Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the thinkorswim products and uses of the products, including infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the websites www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.com and the distribution of release notes and tutorials. *See, e.g.*, Ex. D.

**ANSWER TO PARAGRAPH 16:**

The TD AMERITRADE Defendants admit that Defendant TD AMERITRADE, Inc. maintains websites at www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.html. Except as expressly admitted, the TD AMERITRADE Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

Defendants' Answer and Counterclaims

**ANSWER TO PARAGRAPH 17:**

The TD AMERITRADE Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '304 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER TO PARAGRAPH 18:**

The TD AMERITRADE Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants' infringement of the '304 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

**ANSWER TO PARAGRAPH 19:**

The TD AMERITRADE Defendants deny the allegations of paragraph 19 of the Complaint.

**ANSWER TO COUNT II:**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,772,132**

20. Plaintiff Trading Technologies incorporates paragraphs 1-19 as if set forth in full.

**ANSWER TO PARAGRAPH 20:**

The TD AMERITRADE Defendants incorporate their answers to paragraphs 1-19 of the Complaint.

21. Plaintiff Trading Technologies is the owner of U.S. Patent No. 6,772,132 ("the '132 patent"), titled "Click Based Trading with Intuitive Grid Display of Market Depth," which was

duly and legally issued on August 3, 2004. A true and correct copy of the '132 patent is attached as Exhibit E.

**ANSWER TO PARAGRAPH 21:**

The TD AMERITRADE Defendants admit that Exhibit E purports to be a copy of U.S. Patent No. 6,772,132 ("the '132 patent") entitled "Click Based Trading with Intuitive Grid Display of Market Depth." The TD AMERITRADE Defendants admit that the face of the '132 patent shows an issue date of August 3, 2004. The TD AMERITRADE Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint, and on that basis deny them.

22. Plaintiff Trading Technologies has never licensed Defendants under the '132 patent nor otherwise authorized Defendants to practice the '132 patent.

**ANSWER TO PARAGRAPH 22:**

The TD AMERITRADE Defendants admit that TT has not expressly licensed the '132 patent to any of the TD AMERITRADE Defendants. The TD AMERITRADE Defendants lack knowledge or information sufficient to form a belief as to whether TT has licensed the '132 patent to any other entity, or otherwise committed any other act, that would give any of the TD AMERITRADE Defendants a license to practice the '132 patent.

23. Defendants have infringed and continue to infringe the '132 patent by making, using, selling and/or offering for sale products covered by claims of the '132 patent, including, at a minimum, the Active Trader component of the thinkorswim products (Ex. C), without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**ANSWER TO PARAGRAPH 23:**

The TD AMERITRADE Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the thinkorswim products and uses of the products, including infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the websites www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.com and the distribution of release notes and tutorials. *See, e.g.*, Ex. D.

**ANSWER TO PARAGRAPH 24:**

The TD AMERITRADE Defendants admit that Defendant TD AMERITRADE, Inc. maintains websites at www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.html. Except as expressly admitted, the TD AMERITRADE Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER TO PARAGRAPH 25:**

The TD AMERITRADE Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '132 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER TO PARAGRAPH 26:**

The TD AMERITRADE Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants' infringement of the '132 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

Defendants' Answer and Counterclaims

**ANSWER TO PARAGRAPH 27:**

The TD AMERITRADE Defendants deny the allegations of paragraph 27 of the Complaint.

## ANSWER TO COUNT III:

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,212,999

28. Plaintiff Trading Technologies incorporates paragraphs 1-27 as if set forth in full.

**ANSWER TO PARAGRAPH 28:**

The TD AMERITRADE Defendants incorporate their answers to paragraphs 1-27 of the Complaint.

29. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,212,999 ("the '999 patent"), titled "User Interface for an Electronic Trading System," which was duly and legally issued on May 1, 2007. A true and correct copy of the '999 patent is attached as Exhibit F.

**ANSWER TO PARAGRAPH 29:**

The TD AMERITRADE Defendants admit that Exhibit F purports to be a copy of U.S. Patent No. 7,212,999 ("the '999 patent") entitled "User interface for an Electronic Trading System." The TD AMERITRADE Defendants admit that the face of the '999 patent shows an issue date of May 1, 2007. The TD AMERITRADE Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint, and on that basis deny them.

30. Plaintiff Trading Technologies has never licensed Defendants under the '999 patent nor otherwise authorized Defendants to practice the '999 patent.

**ANSWER TO PARAGRAPH 30:**

The TD AMERITRADE Defendants admit that TT has not expressly licensed the '999 patent to any of the TD AMERITRADE Defendants. The TD AMERITRADE Defendants lack

Defendants' Answer and Counterclaims

knowledge or information sufficient to form a belief as to whether TT has licensed the '999 patent to any other entity, or otherwise committed any other act, that would give any of the TD AMERITRADE Defendants authorization to practice the '999 patent.

31. Defendants have infringed and continue to infringe the '999 patent by making, using, selling and/or offering for sale products covered by claims of the '999 patent, including, at a minimum, the Active Trader component of the thinkorswim products (Ex. C), without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**ANSWER TO PARAGRAPH 31:**

The TD AMERITRADE Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the thinkorswim products and uses of the products, including infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the websites www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.com and the distribution of release notes and tutorials. *See, e.g.*, Ex. D.

**ANSWER TO PARAGRAPH 32:**

The TD AMERITRADE Defendants admit that Defendant TD AMERITRADE, Inc. maintains websites at www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.html. Except as expressly admitted, the TD AMERITRADE Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants' thinkorswim products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

Defendants' Answer and Counterclaims

**ANSWER TO PARAGRAPH 33:**

The TD AMERITRADE Defendants deny the allegations of paragraph 33 of the Complaint.


34. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '999 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER TO PARAGRAPH 34:**

The TD AMERITRADE Defendants deny the allegations of paragraph 34 of the Complaint.


35. Defendants' infringement of the '999 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

**ANSWER TO PARAGRAPH 35:**

The TD AMERITRADE Defendants deny the allegations of paragraph 35 of the Complaint.


**ANSWER TO COUNT IV:**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,533,056**

36. Plaintiff Trading Technologies incorporates paragraphs 1-35 as if set forth in full.

**ANSWER TO PARAGRAPH 36:**

The TD AMERITRADE Defendants incorporate their answers to paragraphs 1-35 of the Complaint.


37. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,533,056 ("the '056 patent"), titled "User Interface for an Electronic Trading System," which was duly and legally issued on May 12, 2009.  A true and correct copy of the '056 patent is attached as Exhibit G.

**ANSWER TO PARAGRAPH 37:**

In answer to paragraph 37, the TD AMERITRADE Defendants admit that Exhibit G purports to be a copy of U.S. Patent No. 7,533,056 ("the '056 patent") entitled "User interface for an Electronic Trading System." The TD AMERITRADE Defendants admit that the face of the '056 patent shows an issue date of May 12, 2009. The TD AMERITRADE Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of the Complaint, and on that basis deny them.

38. Plaintiff Trading Technologies has never licensed Defendants under the '056 patent nor otherwise authorized Defendants to practice the '056 patent.

**ANSWER TO PARAGRAPH 38:**

The TD AMERITRADE Defendants admit that TT has not expressly licensed the '056 patent to any of the TD AMERITRADE Defendants. The TD AMERITRADE Defendants lack knowledge or information sufficient to form a belief as to whether TT has licensed the '056 patent to any other entity, or otherwise committed any other act, that would give any of the TD AMERITRADE Defendants authorization to practice the '056 patent.

39. Defendants have infringed and continue to infringe the '056 patent by making, using, selling and/or offering for sale products covered by claims of the '056 patent, including, at a minimum, the Active 'Trader component of the thinkorswim products (Ex. C), without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**ANSWER TO PARAGRAPH 39:**

The TD AMERITRADE Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the thinkorswim products and uses of the products, including

infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the websites www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.com and the distribution of release notes and tutorials. *See, e.g.*, Ex. D.

**ANSWER TO PARAGRAPH 40:**

The TD AMERITRADE Defendants admit that Defendant TD AMERITRADE, Inc. maintains websites at www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.html. Except as expressly admitted, the TD AMERITRADE Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants' thinkorswim products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER TO PARAGRAPH 41:**

The TD AMERITRADE Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '056 patent in violation of 35 U.S.C. §271(b) and (c).

**ANSWER TO PARAGRAPH 42:**

The TD AMERITRADE Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants' infringement of the '056 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

Defendants' Answer and Counterclaims

**ANSWER TO PARAGRAPH 43:**

The TD AMERITRADE Defendants deny the allegations of paragraph 43 of the Complaint.


### ANSWER TO COUNT V:

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,676,411

44. Plaintiff Trading Technologies incorporates paragraphs 1-43 as if set forth in full.

**ANSWER TO PARAGRAPH 44:**

The TD AMERITRADE Defendants incorporate their answers to paragraphs 1-43 of the Complaint.


45. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,676,411 ("the '411 patent"), titled "Click Based Trading with Intuitive Grid Display of Market Depth," which was duly and legally issued on March 9, 2010. A true and correct copy of the '411 patent is attached as Exhibit H.

**ANSWER TO PARAGRAPH 45:**

The TD AMERITRADE Defendants admit that Exhibit H purports to be a copy of U.S. Patent No. 7,676,411 ("the '411 patent") entitled "Click Based Trading with Intuitive Grid Display of Market Depth." The TD AMERITRADE Defendants admit that the face of the '411 patent shows an issue date of March 10, 2010. The TD AMERITRADE Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of the Complaint, and on that basis deny them.


46. Plaintiff Trading Technologies has never licensed Defendants under the '411 patent nor otherwise authorized Defendants to practice the '411 patent.

Defendants' Answer and Counterclaims

**ANSWER TO PARAGRAPH 46:**

The TD AMERITRADE Defendants admit that TT has not expressly licensed the '411 patent to any of the TD AMERITRADE Defendants. The TD AMERITRADE Defendants lack knowledge or information sufficient to form a belief as to whether TT has licensed the '411 patent to any other entity, or otherwise committed any other act, that would give any of the TD AMERITRADE Defendants authorization to practice the '411 patent.

47. Defendants have infringed and continue to infringe the '411 patent by making, using, selling and/or offering for sale products covered by claims of the '411 patent, including, at a minimum, the Active Trader component of the thinkorswim products (Ex. C), without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**ANSWER TO PARAGRAPH 47:**

The TD AMERITRADE Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the thinkorswim products and uses of the products, including infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the websites www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.com and the distribution of release notes and tutorials. *See, e.g.*, Ex. D.

**ANSWER TO PARAGRAPH 48:**

The TD AMERITRADE Defendants admit that Defendant TD AMERITRADE, Inc. maintains websites at www.thinkorswim.com and www.tdameritrade.com/tradingtools/thinkorswimfromtdameritrade.html. Except as expressly admitted, the TD AMERITRADE Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants' thinkorswim products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER TO PARAGRAPH 49:**

The TD AMERITRADE Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '411 patent in violation of 35 U.S.C. §271(b) and (c).

**ANSWER TO PARAGRAPH 50:**

The TD AMERITRADE Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants' infringement of the '411 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

**ANSWER TO PARAGRAPH 51:**

The TD AMERITRADE Defendants deny the allegations of paragraph 51 of the Complaint.

## RELIEF REQUESTED

THEREFORE, Plaintiff Trading Technologies prays for judgment and relief including:

(A)     Judgment that Defendants have been and are infringing one or more of the claims of the '304, '132, '999, '056, and '411 patents pursuant to 35 U.S.C. §§ 271(a), (b) and (c);

(B)     A preliminary and permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, related business entities and those in active concert or participation with them from infringing the '304, '132, '999, '056, and '411 patents;

(C)     An award of damages incurred by Plaintiff Trading Technologies as a result of Defendants' infringement of the '304, '132, '999, '056, and '411 patents;

(D)     An assessment of costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285, and prejudgment interest against Defendants; and

(E)     Such other and further relief as this Court may deem just and proper.

**ANSWER TO RELIEF REQUESTED:**

The TD AMERITRADE Defendants deny any and all allegations of the remainder of the Complaint and deny that TT is entitled to any of the relief requested in paragraphs (A) through (E) of its prayer for relief or to any other relief in any form whatsoever.  The TD AMERITRADE Defendants further deny each and every allegation contained in the Complaint to which it has not specifically responded.

## JURY DEMAND

Plaintiff Trading Technologies demands trial by jury on all issues so triable.

**ANSWER TO JURY DEMAND:**

The TD AMERITRADE Defendants admit that TT purports to have requested a jury trial of this action.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE – NONINFRINGEMENT

The TD AMERITRADE Defendants have not infringed, contributed to the infringement of, or induced others to infringe, and do not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of U.S. Patent Nos. 6,766,304, 6,772,132, 7,212,999, 7,533,056, and 7,676,411 (collectively, "the Asserted Patents"), either directly or indirectly, literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE – INVALIDITY

The claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

By reason of proceedings in the United States Patent and Trademark Office ("PTO"), and by reasons of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements made by the applicants or on their behalf, TT is estopped from construing the claims of the Asserted Patents to cover and/or include any acts of the TD AMERITRADE Defendants.

## FOURTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

The TD AMERITRADE Defendants are informed and believe, and thereon allege that TT's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287.

The TD AMERITRADE Defendants are informed and believe, and thereon allege, that TT may not claim pre-lawsuit damages, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE – LACHES

TT's claims are barred, in whole or in part, by the doctrine of laches. The accused thinkorswim products were first introduced during or before in 2004. On information and belief, TT was aware of thinkorswim products for a period of time before the commencement of this action that amounts to an unreasonable and inexcusable delay. TT knew or should have known of its purported claims arising from the creation and use of thinkorswim products when it became aware of the thinkorswim products. TT's unreasonable and inexcusable delay in commencing this action has caused prejudice to the TD AMERITRADE Defendants.

## SIXTH AFFIRMATIVE DEFENSE – UNENFORCEABILITY

The TD AMERITRADE Defendants allege and incorporate by reference the allegations of paragraphs 66-70 of their Counterclaims below as though fully set forth herein.

The TD AMERITRADE Defendants are informed and believe, and thereon allege that by reason of inequitable conduct before the United States Patent and Trademark Office ("PTO"), the '132, '304, and '411 patent are unenforceable. On information and belief, the named inventors including Harris Brumfield, TT, their attorneys, and/or others involved with the preparation and prosecution of these patents withheld information material to the patentability of these patents, from the PTO. On information and belief, this material information included information about use of the patented inventions more than one year prior to the earliest application date as well as highly relevant art that taught the patentable subject matter. On information and belief, the information that was withheld was not cumulative and was withheld with deceptive intent.

## SEVENTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

TT's claims are barred, in whole or in part, by the doctrine of equitable estoppel. On information and belief, TT was aware of the thinkorswim products since they were introduced during or before in 2004 or shortly thereafter and failed to assert the Asserted Patents at that time. TT's inaction and silence from that time until the filing of this action, led the TD AMERITRADE Defendants to reasonably infer that TT did not intend to assert its patents against the TD AMERITRADE Defendants. The TD AMERITRADE Defendants reasonably relied on that inference to continue to develop, market, and sell the thinkorswim products. Due to this reliance, the TD AMERITRADE Defendants, would be materially prejudiced if TT were allowed to proceed on its claims.

## COUNTERCLAIMS

The TD AMERITRADE Defendants' counterclaims against TT are as follows:

### PARTIES

1. Defendant thinkorswim Group, Inc. is a Delaware corporation, with its principal place of business at 4211 S. 102nd Street, Omaha, Nebraska 68127.

2. Defendant TD AMERITRADE, Inc. is a New York corporation, with its principal place of business at 1005 N. Ameritrade Place, Bellevue, Nebraska 68005.

3. Defendant TD AMERITRADE Holding Corp. is a Delaware corporation, with its principal place of business at 4211 South 102nd Street, Omaha, Nebraska, 68127.

4. On information and belief, Plaintiff Trading Technologies International, Inc. is a Delaware corporation, with its principal place of business at 222 South Riverside Plaza, Chicago, Illinois 60606.

### JURISDICTION AND VENUE

5. These are counterclaims for a declaration that each and every claim of U.S. Patent Nos. 6,766,304 ("'304 patent"), 6,772,132 ("'132 patent"), 7,212,999 ("'999 patent"), 7,533,056 ("'056 patent"), and 7,676,411 ("'411 patent") (collectively, "the Asserted Patents") is invalid and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, et seq. and that the '132, '304 , and '411 patents are unenforceable. Accordingly, subject matter jurisdiction of this Court exists under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

6. An actual, substantial and continuing justiciable controversy exists between the TD AMERITRADE Defendants and TT with respect to which the TD AMERITRADE Defendants require a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity, unenforceability, and noninfringement of the Asserted Patents and to TT's right to threaten and/or maintain a suit for infringement of the Asserted Patents.

7.   These are compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

8.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## FIRST COUNTERCLAIM FOR RELIEF:
## DECLARATION OF NONINFRINGEMENT OF THE '304 PATENT

9.   The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-8 as though fully set forth herein.

10. This is a counterclaim for declaratory judgment of noninfringement of any and all valid claims of the '304 patent.

11. TT alleges that the TD AMERITRADE Defendants have and are infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '304 patent, that such alleged infringement has thereby damaged TT and, unless enjoined, will continue to damage TT.

12. The TD AMERITRADE Defendants have not infringed, contributed to the infringement of, or induced others to infringe, and do not infringe, contribute to the infringement of, or induce others to infringe any valid claim of the '304 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

13. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether the TD AMERITRADE Defendants have infringed or infringe any valid claim of the '304 patent.

14. The TD AMERITRADE Defendants request a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 10-13 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## SECOND COUNTERCLAIM FOR RELIEF:

## DECLARATION OF NONINFRINGEMENT OF THE '132 PATENT

15. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-14 as though fully set forth herein.

16. This is a counterclaim for declaratory judgment of noninfringement of any and all valid claims of the '132 Patent.

17. TT alleges that the TD AMERITRADE Defendants have and are infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '132 Patent, that such alleged infringement has thereby damaged TT and, unless enjoined, will continue to damage TT.

18. The TD AMERITRADE Defendants have not infringed, contributed to the infringement of, or induced others to infringe, and do not infringe, contribute to the infringement of, or induce others to infringe any valid claim of the '132 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

19. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether the TD AMERITRADE Defendants have infringed or infringe any valid claim of the '132 Patent.

20. The TD AMERITRADE Defendants request a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 16-19 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## THIRD COUNTERCLAIM FOR RELIEF:

## DECLARATION OF NONINFRINGEMENT OF THE '999 PATENT

21. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-20 as though fully set forth herein.

Defendants' Answer and Counterclaims

22. This is a counterclaim for declaratory judgment of noninfringement of any and all valid claims of the '999 Patent.

23. TT alleges that the TD AMERITRADE Defendants have and are infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '999 Patent, that such alleged infringement has thereby damaged TT and, unless enjoined, will continue to damage TT.

24. The TD AMERITRADE Defendants have not infringed, contributed to the infringement of, or induced others to infringe, and do not infringe, contribute to the infringement of, or induce others to infringe any valid claim of the '999 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

25. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether the TD AMERITRADE Defendants have infringed or infringe any valid claim of the '999 Patent.

26. The TD AMERITRADE Defendants request a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 21-25 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## FOURTH COUNTERCLAIM FOR RELIEF:

## DECLARATION OF NONINFRINGEMENT OF THE '056 PATENT

27. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-26 as though fully set forth herein.

28. This is a counterclaim for declaratory judgment of noninfringement of any and all valid claims of the '056 Patent.

29. TT alleges that the TD AMERITRADE Defendants have and are infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '056 Patent,

that such alleged infringement has thereby damaged TT and, unless enjoined, will continue to damage TT.

30. The TD AMERITRADE Defendants have not infringed, contributed to the infringement of, or induced others to infringe, and do not infringe, contribute to the infringement of, or induce others to infringe any valid claim of the '056 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

31. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether the TD AMERITRADE Defendants have infringed or infringe any valid claim of the '056 Patent.

32. The TD AMERITRADE Defendants request a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 28-31 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## FIFTH COUNTERCLAIM FOR RELIEF:
## DECLARATION OF NONINFRINGEMENT OF THE '411 PATENT

33. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-32 as though fully set forth herein.

34. This is a counterclaim for declaratory judgment of noninfringement of any and all valid claims of the '411 Patent.

35. TT alleges that the TD AMERITRADE Defendants have and are infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '411 Patent, that such alleged infringement has thereby damaged TT and, unless enjoined, will continue to damage TT.

36. The TD AMERITRADE Defendants have not infringed, contributed to the infringement of, or induced others to infringe, and do not infringe, contribute to the infringement

of, or induce others to infringe any valid claim of the '411 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

37. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether the TD AMERITRADE Defendants have infringed or infringe any valid claim of the '411 Patent.

38. The TD AMERITRADE Defendants request a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 34-37 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## SIXTH COUNTERCLAIM FOR RELIEF:
## DECLARATION OF INVALIDITY OF THE '304 PATENT

39. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-38 as though fully set forth herein.

40. This is a counterclaim for declaratory judgment of invalidity of any and all claims of the '304 patent.

41. The '304 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

42. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether there exists any valid claim of the '304 patent.

43. The TD AMERITRADE Defendants request a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 40-42 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

Defendants' Answer and Counterclaims

**SEVENTH COUNTERCLAIM FOR RELIEF:**

**DECLARATION OF INVALIDITY OF THE '132 PATENT**

44. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-43 as though fully set forth herein.

45. This is a counterclaim for declaratory judgment of invalidity of any and all claims of the '132 patent.

46. The '132 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

47. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether there exists any valid claim of the '132 patent.

48. The TD AMERITRADE Defendants requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 45-47 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**EIGHTH COUNTERCLAIM FOR RELIEF:**

**DECLARATION OF INVALIDITY OF THE '999 PATENT**

49. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-48 as though fully set forth herein.

50. This is a counterclaim for declaratory judgment of invalidity of any and all claims of the '999 patent.

51. The '999 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

Defendants' Answer and Counterclaims

52. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether there exists any valid claim of the '999 patent.

53. The TD AMERITRADE Defendants request a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 50-52 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## NINTH COUNTERCLAIM FOR RELIEF:
## DECLARATION OF INVALIDITY OF THE '056 PATENT

54. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-53 as though fully set forth herein.

55. This is a counterclaim for declaratory judgment of invalidity of any and all claims of the '056 patent.

56. The '056 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

57. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether there exists any valid claim of the '056 patent.

58. The TD AMERITRADE Defendants request a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 55-57 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## TENTH COUNTERCLAIM FOR RELIEF:

## DECLARATION OF INVALIDITY OF THE '411 PATENT

59. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-58 as though fully set forth herein.

60. This is a counterclaim for declaratory judgment of invalidity of any and all claims of the '411 patent.

61. The '411 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

62. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether there exists any valid claim of the '411 patent.

63. The TD AMERITRADE Defendants requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 60-62 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## ELEVENTH COUNTERCLAIM FOR RELIEF:

## DECLARATION OF UNENFORCEABILITY OF THE '132, '304, AND '411 PATENTS

64. The TD AMERITRADE Defendants reallege and incorporate by reference the allegations of paragraphs 1-63 as though fully set forth herein.

65. This is a counterclaim for declaratory judgment of the unenforceability of the '132, '304, and '411 patents (collectively the "'132 family patents").

66. On information and belief, the '132 family patents are unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO") of the named inventors, including Harris Brumfield, TT, their attorneys, and/or others involved in the preparation and original prosecution of the applications that issued as the '132, '304, and '411

patents ("the Applications") by failing to disclose to the PTO information of which one or more of them were aware, with an intent to deceive the PTO, all being material to patentability and prejudicial to the examination of the applications issuing as the '132 family patents in violation of 37 C.F.R. § 1.56.

67. On information and belief, the named inventors including Harris Brumfield, TT, their attorneys, and/or others involved in the preparation and original prosecution of the Applications knew during the prosecution of the Applications that the inventions disclosed in the '132, '304, and '411 patents had been used at least once more than one year prior to the filing date of the earliest application upon which these patents claim priority, and therefore potentially constituting a bar to patentability under 35 U.S.C. § 102(b). On information and belief, this use included, at a minimum the following: (a) the software embodying the claimed inventions was installed and set up on at least one workstation in the office of Mr. Harris Brumfield in January of 1999; (b) another installation of the software embodying the claimed inventions and computer hardware occurred between February 11 and 15, 1999; (c) the computers installed in Mr. Brumfield's office prior to March 2, 1999 had the software embodying the claimed inventions installed and were connected to production markets; (d) Mr. Farley Owens made trades in live markets using the software embodying the claimed inventions prior to March 2, 1999; (e) trades were made using the software system embodying the claimed inventions installed in Mr. Brumfield's office before and after hours; (f) Mr. Simon Tam placed orders with the software embodying the claimed inventions in the Eurex market in the January 1999 timeframe; (g) software embodying the claimed inventions was complete and installed in the offices of Mr. Brumfield prior to March 2, 1999; (h) trades were made with software embodying the claimed inventions before and after hours in January 1999 and Mr. Brumfield was made aware the trading activities on a daily basis; and (i) multiple versions of software embodying the claimed inventions were installed and the February 1999 version included a "super fast" computer to aid the performance of the software (collectively "Prior Uses"). All of these Prior Uses occurred more than one year prior to the filing of the first application of any of the '132 family patents. These Prior Uses were not

cumulative of information already before the PTO, and establish a prima facie case of unpatentability of one or more claims of the patents. Accordingly, information regarding these Prior Uses was material to patentability.

68. On information and belief, the named inventors including Harris Brumfield, TT, and their attorneys, and/or others involved in the preparation and prosecution of the Applications, knew that the information relating to any use of the claimed inventions, notwithstanding the dates of such use, was material to the patentability of the Applications because a reasonable Examiner reviewing the applications would consider it important in determining whether to allow the proposed claims to issue. Nevertheless, the information referred to in paragraph 67 above was never supplied to the Examiner, and was affirmatively withheld from the Examiner by the named inventors including Harris Brumfield, TT, and their attorneys, and/or others involved in the preparation and prosecution of the Applications, despite knowledge of its materiality, and with the intent to deceive the PTO.

69. On information and belief, the examiner requested from the named inventors including Harris Brumfield, TT, and their attorneys, and/or others involved in the preparation and prosecution of the Applications, information relating to any use of the claimed invention, notwithstanding the dates of such use. For this additional reason, the information relating to the use of the invention was material.

70. On information and belief during the prosecution of the '304 and '132 patents, TT was aware of U.S. Patent Application No. 09/289,550 (the "'550 application"). On information and belief Steven Borsand, acting on behalf of TT, acquired the '550 application and retained the named inventors as consultants. The '550 application was and is highly relevant prior art which taught or suggested the subject matter claimed by the '304 and '132 patents. While the disclosure of the published PCT application corresponding to the '550 application, WO 00/62187, was before the Examiner, WO 00/62187 is not statutory prior art. In contrast, the '550 application is statutory prior art, but was not disclosed to the Examiner. On information and belief, Mr. Borsand was substantially involved with the prosecution of the Applications that

Defendants' Answer and Counterclaims

matured into the '304, '132, and '411 Patents.  Mr. Borsand, with an intent to deceive the Examiner, never disclosed the '550 application.

71. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between the TD AMERITRADE Defendants and TT as to whether any claim of the '132, '304, and '411 patents is enforceable.

72. The TD AMERITRADE Defendants request a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 65-71 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## PRAYER FOR RELIEF

WHEREFORE, the TD AMERITRADE Defendants pray that this Court:

(a) Dismiss TT's Complaint against the TD AMERITRADE Defendants with prejudice;

(b) Hold that TT is not entitled to any relief, whether in law or equity or otherwise, from its suit against the TD AMERITRADE Defendants;

(c) Declare that the TD AMERITRADE Defendants have not infringed and do not infringe any claim of the Asserted Patents;

(d) Declare that the '132, '304, and '411 patents are unenforceable;

(e) Declare that the claims of the Asserted Patents are invalid;

(f) Permanently enjoin TT, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the Asserted Patents against the TD AMERITRADE Defendants or any parents, affiliates, or subsidiaries of the TD AMERITRADE Defendants or their respective officers, agents, employees, successors, and assigns;

(g) An order finding that this case is exceptional and awarding the TD AMERITRADE Defendants its respective costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

Defendants' Answer and Counterclaims

(h) Award the TD AMERITRADE Defendants any other relief, in law and in equity, to which the Court finds the TD AMERITRADE Defendants is justly entitled.

Dated:  March 14, 2011

Respectfully submitted,

thinkorswim Group, Inc.; TD AMERITRADE, Inc.; and TD AMERITRADE Holdings Corp.

By:  /s/ Michael B. Levin
One of their attorneys.

Steven P. Mandell (ARDC #6183729)
Sharon R. Albrecht (ARDC #6288927)
MANDELL MENKES LLC
333 West Wacker Drive, Ste. 300
Chicago, IL  60606
Tel:  (312) 251-1000

Michael B. Levin
Natalie J. Morgan
Michael D.K. Nguyen  (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 493-6811

Defendants' Answer and Counterclaims