IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ) | |
| ) | Case No. 10 C 715 |
| TRADING TECHNOLOGIES ) | (Consolidated with: |
| INTERNATIONAL, INC. ) | 10 C 716, 10 C 718, |
| ) | 10 C 720, 10 C 721, |
| Plaintiff, ) | 10 C 726, 10 C 882, |
| v. ) | 10 C 883, 10 C 884 |
| ) | 10 C 885, 10 C 929, |
| BCG PARTNERS, INC. ) | 10 C 931) |
| ) | |
| Defendant. ) | Judge Virginia M. Kendall |
| ) | |

## MEMORANDUM OPINION AND ORDER

In early 2010, Plaintiff Trading Technologies, Inc. ("TT") filed 12 cases in this District alleging various defendants have infringed and continue to infringe on its patents relating to electronic trading applications. On February 3, 2011, the Court consolidated these individual cases, spread across several judges, into a single proceeding. Now some of those defendants have moved to dismiss the respective complaints against them for failure to state a claim. SunGard Data Systems Inc., SunGard Investment Ventures LLC and GL Trade Americas, Inc. (together "SunGard") concede that TT has plead direct infringement of the patents-in-suit but its allegations of contributory and induced infringement are inadequate under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). FuturePath Trading LLC ("FuturePath") contends that TT has not sufficiently plead any claim under *Twombly* and *Iqbal*. For the reasons below, the Court denies SunGard's motion and grants FuturePath's motion.

# I. TT'S ALLEGATIONS

The Court accepts the following well-pleaded allegations as true for the purposes of this motion to dismiss. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

## A. FuturePath

TT is the owner of four patents for electronic trading inventions issued between 2007 and 2010, Nos. 7,212,999 ("the '999 patent"), 7,533,056 ("the '056 patent"), 7,412,416 ("the '416 patent") and 7,676,411 ("the '411 patent"). (Amend. Compl. ("AC"), Doc. 17 (Case No. 10 C 720) ¶¶ 7, 16, 25, 34.) TT is in compliance with "any applicable marking and notice provisions" with respect to all four patents. (*Id*. ¶¶ 8, 17, 26, 35.) TT alleges FuturePath has infringed and continue to infringe these patents "by making, using, selling and/or offering for sale products covered by claims" of each of the four patents, (*id*. ¶¶ 10, 19, 28 36) without TT's authorization. (*Id*. ¶¶ 10, 19, 28, 36.) TT asserts that FuturePath "has infringed and continues to promote, advertise and instruct customer and potential customer about its products, including infringing uses," through its websites "and distribution of manuals, release notes and tutorials." (*Id.* ¶¶ 11, 20, 29, 37.) Finally, TT alleges FuturePath's "actions have and continue to constitute active inducement of and contributory infringement of" each of the four patents. (*Id*. ¶¶ 13, 22, 31, 39.)

## B. SunGard

TT's allegations against SunGard are more detailed, but similar to, TT's allegations against FuturePath. TT is the owner of the '999, '056 and '411 patents for electronic trading inventions. (Second Amend. Compl. ("SAC"), Doc. 46 (Case No. 10 C 716) ¶¶ 11, 20, 29.) TT is in compliance with "any applicable marking and notice provisions" with respect to those three patents. (*Id*. ¶¶ 12, 21, 30.) According to TT, SunGard has infringed these patents by "making, using, selling and/or

offering for sale products, including at a minimum the GL Win software" without TT's authorization. (*Id.* ¶¶ 13, 22, 31.) Citing various SunGard websites and attaching SunGard brochures, TT alleges that SunGard "[has] in the past and continue[s] to actively and knowingly aid and abet direct infringement by promoting, advertising and instructing customers and potential customers about the GL Win software and uses of the product, including infringing uses of the QuickTrade window." (*Id.* ¶¶ 14, 23, 32.)

TT alleges SunGard had "constructive knowledge" of the '999 patent as of November 15, 2007, when TT "added the '999 patent to the list of markings that appear on the opening screen of TT's X_Trader product." (*Id.* ¶ 15.) SunGard had constructive knowledge of the '056 and '411 patents for the same reason as of June 2, 2009 and March 24, 2010, respectively. (*Id.* ¶¶ 24, 25.) TT also asserts SunGard knew of the '411 patent because it is a continuation of a patent that TT claims SunGard infringed in a suit filed in 2005, and "SunGard would have been tracking any continuations of the [older patent] as a matter of course." (*Id.* ¶ 34.) TT further alleges that SunGard "knew or should have known that GL Win software is especially made or especially adapted for use in an infringement" of each patent and "there is no substantially non-infringing use of GL Win software's QuickTrade window." (*Id.* ¶¶ 16, 25, 36.) Finally, "[i]n addition, [SunGard's] actions constitute active inducement of and/or contributory infringement" of each patent. (*Id.* ¶¶ 17, 27, 36.)

## II. STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim "is a purely procedural question not pertaining to patent law," so the Court applies Seventh Circuit precedent. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). To state a claim upon which relief can be

granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must be "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (noting "'plausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not.") A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Determining whether a complaint states a plausible claim for relief requires "the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "Specific facts are not necessary . . . the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Swanson*, 614 F.3d at 404 (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, under *Iqbal*, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together . . . the court will ask itself could these things have happened, not did they happen." *Swanson*, 614 F.3d at 404.

## III.    DISCUSSION

### A.    FuturePath - Direct Infringement

FuturePath contends that TT's amended complaint does not state a claim for direct infringement because it does not allege the specific FuturePath product that allegedly infringes on TT's patents, but rather uses the vague catch-all "products." Some courts suggest it does not need to name a specific product or type of product. *See e.g.*, *Traffic Information, LLC v. Yahoo! Inc.*, No. 09 C 246, 2010 WL 2545500 at *2 (E.D. Tex. Apr. 13, 2010) (finding a plaintiff did not need to allege the allegedly infringing products because it pled the title of the patent-in-suit). Those cases,

however, are inconsistent with *Iqbal*, *Swanson* and *McZeal*. In *McZeal*, decided after *Twombly* but before *Iqbal*, the Federal Circuit discussed the federal rules form for a patent infringement case (then Form 16, now Form 18), noting that form requires only "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling and using [the device] embodying the patent;" (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for injunction for damages." *McZeal*, 501 F.3d at 1356-57; *see also* Fed. R. Civ. P. Form 18 (using the example of "electric motors" as "the device"); Fed. R. Civ. P. 84 ("[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.")[1]

Even though *McZeal* was decided pre-*Iqbal*, it implicitly endorsed the view embodied in Form 18 that at a minimum, the plaintiff must plead which of the defendant's products is at issue. Since *McZeal*, the Supreme Court has stressed that plaintiffs must plead "factual content" that makes their claim "plausible," and the Seventh Circuit has emphasized that the defendant needs "fair notice." *Iqbal*, 129 S.Ct. at 1949; *Swanson*, 614 F.3d at 404. In its opposition, TT asserts that the mention of FuturePath's websites in the context of its induced infringement allegation puts FuturePath on notice that the its PhotonTrader software is the infringing product at issue. That is not obvious from the complaint. Under *Iqbal* and *Swanson*, FuturePath is entitled to be put on notice, with some specificity and clarity, which of its products are at issue in this suit, and which are not. *Iqbal*, 129 S.Ct. at 1949; *Swanson*, 614 F.3d at 404; *see also Bender v. LG Electronics U.S.A.,*

---

[1] Though the sufficiency of Form 18 has been questioned, post-*Iqbal*, by a few district courts and by the Federal Circuit itself in an unpublished opinion, *McZeal* and its analysis based on Form 18 remains good law in that circuit until overruled. *See Colida v. Nokia*, 347 Fed. Appx. 568, 571 (Fed. Cir. 2009) (noting Form 18 is not tailored to design patents and was updated before *Iqbal*.)

5

*Inc.*, No. 09 C 2114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010) (finding "without identifying specific products or product parts, [the plaintiff] has not put Defendants on notice as to what products or parts are subject to the infringement claim."). Indeed, Judge Pallmeyer required the same detail in the related SunGard case now consolidated with the FuturePath action. (*See* Case No. 10 C 716, Doc. 43.) TT's claims for direct infringement against FuturePath are dismissed.

## B.    FuturePath and SunGard - Indirect Infringement

Both FuturePath and SunGard assert that TT has insufficiently plead both types of indirect infringement: contributory infringement (35 U.S.C. § 271(c)) and inducing infringement (35 U.S.C. § 271(f)). To demonstrate inducement of infringement, the patentee must establish "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008). As for contributory infringement, TT must ultimately show direct infringement and that the defendants (1) knew of the patents at issue; (2) knew that the product they allegedly sold was especially made or adapted for infringing uses; and (3) knew that the product was not suitable for substantial non-infringing uses. *See* 35 U.S.C. § 271(c); *see also Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). For both types of indirect infringement, the complaint must allege both knowledge of the patent and intent. *See e.g., Malinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).

As an initial matter SunGard asserts that both of TT's indirect infringement claims fail because both require knowledge of the patents on the part of SunGard, and TT has only pled that SunGard had "constructive knowledge"—not actual knowledge—of the patents through markings. The Federal Circuit recently suggested, in dicta, that constructive knowledge "with persuasive

6

evidence of disregard" for patent markings "may perhaps" be enough to demonstrate knowledge for the purpose of inducement of infringement. *SEB S.A. v. Montgomery Ward & Co., Inc.*, 594 F.3d 1360, 1378 (Fed. Cir. 2010). In light of that indication in binding precedent just 15 months ago, the Court will not dismiss TT's complaint against SunGard on that basis. If TT ultimately can show only constructive knowledge, TT bears the risk, on appeal, that the Federal Circuit will find constructive knowledge is not enough.[2] TT's claims for inducement and contributory infringement against FuturePath, however, are silent as to FuturePath's knowledge—constructive or otherwise—of the patents-in-suit. Those claims are dismissed because FuturePath is entitled to know how TT claims it had knowledge of the TT's patents. Again, it is not sufficient for TT to claim, in its opposition to FuturePath's motion, that FuturePath had constructive knowledge of the patents because of previous litigation between the parties. TT's allegations of knowledge must be in its complaint, not just in its motion papers. TT must re-plead those claims as well.

SunGard also asserts that TT has not sufficiently plead that SunGard induced others to infringe because TT has not alleged SunGard had "specific intent." *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304-07 (Fed. Cir. 2006) (requiring a plaintiff to show specific intent to induce others to infringe). TT alleges that SunGard induced others to infringe its patents by promoting the infringing products and instructing its customers on how to use those products in infringing ways. It is reasonable to infer, at the motion to dismiss stage, that by selling infringing products and showing customers how to use those products, FuturePath intended those customers to infringe on TT's patents. SunGard wants TT to plead *how* those materials induce infringement, but TT does not

---

[2]This analysis moots TT and SunGard's disagreement as to whether it can be inferred that SunGard has knowledge of the '411 patent because it is a continuation of a patent at issue in a previous litigation.

need to do that at this point. *See Swanson*, 614 F.3d at 404 (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) and requiring that the plaintiff give "fair notice" but explicitly not requiring specific facts.) SunGard also wants TT to name the third parties that SunGard allegedly induced to infringe on TT's patents. The Court must be realistic about how much detail TT could provide at this point about SunGard's customers and what SunGard has told them. *See id.* (noting that in *Iqbal*, *Twombly* and *Erickson* the Supreme Court "has called for more careful attention to be given to several key questions," including "how much detail rustically can be given.") TT's complaint against SunGard is by no means detailed, but it is sufficient to state claims for indirect infringement.

## IV. CONCLUSION

For the foregoing reasons, FuturePath's motion to dismiss (Case No. 10 C 720, Doc. 41) is granted and TT's amended complaint is dismissed in its entirety. By May 19, 2011, TT must file a second amended complaint against FuturePath that addresses the deficiencies identified in this opinion. FuturePath must answer or otherwise plead by June 9, 2011. SunGard's motion to dismiss (Case No. 10 C 716, Doc. 49) is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 5, 2011

8