IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC.<br><br>        Plaintiff,<br>v.<br><br>BCG PARTNERS, INC.<br><br>        Defendant. | Case No. 10 C 715<br>(Consolidated with:<br>10 C 716, 10 C 718,<br>10 C 720, 10 C 721,<br>10 C 726, 10 C 882,<br>10 C 883, 10 C 884<br>10 C 885, 10 C 929,<br>10 C 931)<br><br>Judge Virginia M. Kendall |

**SCHEDULING AND DISCOVERY ORDER**

Having considered the parties' joint case management statement (Doc. 205), which expresses little agreement between the parties on how this consolidated action should proceed, the Court enters the following scheduling and discovery order:

1. **Amendment of Pleadings.**

Plaintiff Trading Technologies, Inc. ("TT") must amend its pleadings and add any patents-in-suit to its complaints by June 15, 2011. Those complaints must include any patents that have issued by June 10, 2011. Any patents that issue after June 10, 2011 must be brought in a separate action, unless both TT and the individual Defendant(s) sued for infringement of those additional patent(s) consent to including them in this consolidated action, with the understanding that discovery will not be extended because patents are added mid-stream. Defendants must answer or move on those amended pleadings by June 29, 2011. This amendment of pleadings scheduling is not commentary on the Court's consideration of the SunGard Defendants and FuturePath's pending claim-splitting motion (Doc. 138, Case No. 10 C 716), now fully-briefed. Once TT has filed its amended

complaints, TT must file with the Court a chart showing which patents have been asserted against which Defendants.

  **2.  Initial Matters.**

The parties have requested that certain matters be addressed before the parties proceed to full discovery under the Local Patent Rules. The Court agrees that if discovery will be streamlined by early determinations of certain issues as a matter of law, those issues should be decided first. The Court will not, however, deviate wholesale from the local patent rules and create a case-within-a-case by staging certain discovery on the "Initial Matters" first, and then other discovery later, only to have the parties disagree on what discovery properly concerns an Initial Matter and what discovery does not.

  **(A)  Matter No. 1**

The parties agree that the Court should consider, before discovery continues and without any additional discovery, the "*eSpeed* issue," namely "the impact of the *eSpeed* Federal Circuit decision [595 F.3d 1340 (Fed. Cir. 2010)] on displays that include a price axis that feature automatic movement, including the issues raised in TradeStation's motion (Doc. 178), as well as certain issues that the Defendants allege relate to the validity of claims in the '411 patent (or other Brumfield Family patents asserted against any respective Defendant) under 35 U.S.C. § 112." (Doc. 205 at 4.) The parties agree that this issue can be decided without additional discovery. Because Defendants have indicated that the *eSpeed* issue is broader than TradeStation's motion for summary judgment (Doc. 178), the Defendants other than TradeStation may file a combined brief for summary judgment on the eSpeed issue of no more than 25 pages. To the extent the individual Defendant groups differ in how to present the *eSpeed* issue to the Court, they may include supplements to that brief of no

more than seven pages for each group. The brief and any supplements must be a single document. TradeStation may either moot its existing motion and participate in that joint briefing or stand on its previously filed motion. The Defendants must also submit a single Local Rule 56.1 Statement of Facts. TT's cross-motion for summary judgment, which should also respond to the joint brief and TradeStation's motion (Doc. 178), may be no more than 35 pages. Defendants may then file a single brief of 15 pages replying in support their motion for summary judgment on the *eSpeed* issue and opposing TT's cross motion. TT may then file a 10-page brief replying in support of its cross-motion.

        **(B)**       **Matters Nos. 2 and 3.**

Defendants have suggested two other matters be briefed at the outset: (2) whether the claims of the '056 patent, asserted against every defendant, are invalid under 35 U.S.C. § 112; (3) whether the "Brumfield Family" of patents invalidates the "Friesen Family" as prior art (or vice versa). Defendants (other than TradeStation) stated in their position statement that "little or no discovery" will be needed to address the second matter and "limited discovery" to address the third. (Doc. 205 at 11, 14.) The defendants also want a separate briefing schedule on the third initial matter once that briefing is complete. (*Id.* at 19.) At the May 26, 2011 status hearing, the parties indicated that at least some discovery, and possibly from experts and third parties, would be needed to address the other Initial Matters. As stated above, the Court will not stage discovery. To the extent that these matters may be addressed now as a matter of law with no new discovery, Defendants may file a second summary judgment brief addressing these two matters under the same parameters of the *eSpeed* brief.

3. **Local Patent Rule Scheduling.**

The parties agree that deciding the *eSpeed* issue will streamline discovery. Consequently, all discovery is stayed until that issue, and the other Initial Matters if Defendants choose to bring them without any additional discovery, is decided. The Court will resolve any motions to dismiss before the parties begin their briefing on the Initial Matters.

The Court enters the following schedule:

| Event | Date |
| --- | --- |
| TT files any amended complaints | June 15, 2011 |
| Defendants answer or move against any amended complaints | June 29, 2011 |
| TT files responses to any motions to dismiss its amended complaint | July 8, 2011 |
| Defendants file replies in support of motions to dismiss TT's amended complaints | July 15, 2011 |
| Defendants file their opening brief on *eSpeed* issue (and their second brief on other Initial Matters, if they decide to proceed without additional discovery) | August 8, 2011 |
| TT files its response brief and cross-motion on the *eSpeed* issue (and response brief on other Initial Matters, if necessary) | September 14, 2011 |
| Defendants file their brief(s) replying in support of their summary judgment motion(s) and opposing TT's cross motion | October 7, 2011 |
| TT files its reply brief in support of its cross-motion. | October 21, 2011 |
| Ruling date on *eSpeed* issue (and other Initial Matters, if necessary) | December 1, 2011 |
| Status hearing regarding proceeding to discovery | December 15, 2011 |

Given that the parties are currently in substantial disagreement regarding the timing and limits to discovery, and discovery could be substantially impacted by the Court's decision on the *eSpeed* issue (and possibly the other Initial Matters), the Court will not set a discovery schedule at this time. At the December 15, 2011 status hearing, the Court will address scheduling of discovery in accordance with the Local Patent Rules. Prior to that hearing, the parties shall meet-and-confer regarding discovery issues and issue a joint statement setting out the parties' position concerning the scope and timing of discovery, similar to what the parties submitted to the Court in Doc. 205. This statement should include the parties' positions concerning

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: June 3, 2011