IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 10 C 715 (Consolidated with: 10 C 716, 10 C 718, 10 C 720, 10 C 721, 10 C 726, 10 C 882, 10 C 883, 10 C 884 10 C 885, 10 C 929, 10 C 931) |
| Plaintiff, |
| v. |
| BCG PARTNERS, INC. |
| Defendant. | | Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

In 2010, plaintiff Trading Technologies International, Inc. ("TT") filed a dozen cases alleging infringement of its electronic trading patents in this District. In two of those cases, TT alleges GL Trade Americas, Inc, SunGard Data Systems, Inc., SunGard Investment Ventures LLC and FuturePath Trading, LLC (collectively "the SunGard Defendants") infringed four of its patents ("2010 Actions"). TT and the SunGard Defendants are not strangers: TT filed two actions in 2005 against the SunGard Defendants for infringement of two other patents. Those 2005 cases are consolidated and remain pending in this District ("2005 Actions"). The SunGard Defendants moved for summary judgment, urging the Court to dismiss the 2010 Actions because TT has impermissibly "split" claims into the 2010 Actions that should have been brought in the 2005 Actions. For the below reasons, the SunGard Defendants' motion (Doc. 136, Case. No. 10 C 716) is denied.

**I.    MATERIAL UNDISPUTED FACTS**

The SunGard Defendants develop and sell electronic trading software for the financial industry. (Doc. 139, TT 56.1 Resp. ¶ 9.) In July and September 2005, TT filed suit against the

SunGard Defendants, among others, alleging that they had infringed, and continued to infringe, TT's '304 and '132 patents (the "2005 Patents"). (*Id.* ¶¶ 11-12, 18; *see* Case Nos. 05 C 4120 and 05 C 5164.) After being stayed pending the trial and appeal in a related litigation between TT and eSpeed, Inc., those 2005 Actions have been consolidated and remain pending in this District before Judge Chang. (*Id.* ¶ 13; Doc. 139, TT Add'l Facts ¶ 9.[1]) After TT filed the 2005 Actions, the Patent Office issued a series of additional patents to TT. (*Id.* ¶¶ 3-6, 8.) Those new patents included the '999 patent that issued May 1, 2007, the '056 patent that issued May 12, 2009, the '416 patent that issued August 12, 2008 and the '411 patent that issued March 9, 2010. (*Id.*)

In February 2010, TT sued the SunGard Defendants again, this time alleging that they had infringed, and continue to infringe, the '999, '056, '416, and '411 patents ("the 2010 Patents").[2] (TT 56.1 Resp. ¶¶ 14, 19; *see* Case Nos. 10 C 716, 10 C 720.) One of the patents asserted in the 2010 Actions is related to the earlier patents asserted in the 2010 Actions. Specifically, the '411 patent (2010) is a continuation of the '132 patent (2005), and they share a common patent disclosure and provisional application. (TT 56.1 Resp. ¶¶ 21-22.) The '999, '056 and '416 patents (all 2010), on the other hand, are not part of the same patent "family" as the '132, '304 (both 2005) and '411 patents (2010). (TT Add'l Facts ¶ 7.) In both the 2005 and 2010 Actions, TT alleges that the

---

[1] As part of its response to the SunGard Defendants' Local Rule 56.1 statement of material undisputed facts, TT provided a set of additional facts supporting denial of the SunGard Defendants' motion for summary judgment, as permitted by Local Rule 56.1(b)(3)(C). (*See* Doc. 139 at 13-16.) The SunGard Defendants did not file a statement responding to these additional facts, and they are deemed admitted under Local Rule 56.1. *See* L.R. 56.1(a) ("If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(C) *will be deemed admitted* unless controverted by the statement of the moving party.") (emphasis added); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (finding "[b]ecause of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules.").

[2] TT amended its complaint on March 9, 2010 to include the '416 patent as to one of the SunGard Defendants and added the '411 patent as to all of the SunGard Defendants. (TT Add'l Facts ¶ 16.)

2

SunGard Defendants have infringed its patents via their GL Win/Quick Trade and PhotonTrader trading software systems. (TT 56.1 Resp. ¶¶ 10, 15.)

Before the Court consolidated all the cases TT filed in 2010 into a single proceeding, the SunGard Defendants filed this same claim-splitting motion in case number 10 C 716 when it was pending before Judge Pallmeyer. (TT Add'l Facts ¶ 20.) Judge Pallmeyer orally denied the motion on January 21, 2011, while TT's consolidation motion was pending. (*Id.*) During that hearing, Judge Pallmeyer stated:

> I have reviewed the briefs. I am familiar with this problem from this case and at least one other, and it seems to me that the two cases that [the SunGard Defendants] believe should really be one do, in fact, raise substantially similar issues. They are not completely overlapping, but they are substantially overlapping. I think the correct result is that these cases belong together.
>
> I don't think that what [TT] has done can fairly be characterized as claim-splitting so much as an effort to expand on the original claim, on the one, hand and potentially get a fresh start on the other; potentially, this is – I really don't fully understand the whole picture here, but potentially get another judge and start over.
>
> \* \* \*
>
> **But I don't think its appropriate for me to grant summary judgment in this case because I think that's an end-run around a decision by another judge not to take the cases together**. Whether or not I believe that's the right thing to do, I can't force the result.

(TT 56.1 Resp. ¶ 24; TT Add'l Facts ¶¶ 20-21; emphasis added.)

## II. STANDARD

As an initial matter, the parties dispute whether this motion is properly considered to be a motion to reconsider Judge Pallmeyer's decision or a Rule 56 motion for decision on the merits.

3

While Judge Pallmeyer commented on the substance of the motion when she orally denied it, it is clear from the bolded language above that her decision was not based on the merits of the motion, but rather because the consolidation motion remained pending before this Court. Consequently, the Court will address the motion on the merits.

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of TT as the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'").

Regional circuit law applies to general principles of claim preclusion or claim splitting, whereas Federal Circuit precedent governs "[w]hether two claims for patent infringement are

identical" because it is a question "particular to patent law." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008); *see also Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001) (applying Federal Circuit precedent to question of claim preclusion under patent law).

## III. DISCUSSION

### A. Claim Splitting

Generally, claim preclusion applies were (1) the parties are the same; (2) there has been a final judgment on the merits of a claim; and (3) the second claim is based on the same set of "transactional facts" as the first claim. *See Jet, Inc. v. Sewage Aeration Sys.*, 223 F. 3d 1360, 1362 (Fed. Cir. 2000) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). The prohibition against claim splitting is application of familiar claim preclusion principles to two actions that are pending simultaneously but neither has reached final judgment. *See* CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 4406 (2d ed. 2011) (noting that dismissals based on claim splitting are driven by docket management considerations). Courts will dismiss a second suit pending between the same parties for claim splitting if the second suit would be barred by claim preclusion if it is assumed the first suit reached final judgment. *See e.g., Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1059 (S.D. Cal. 2007); *Kim v. Sara Lee Bakery Grp., Inc.*, 415 F. Supp. 2d 929, 941-42 (N.D. Ill. 2006) ("under the doctrine of claim splitting, that a party cannot avoid the effects of res judicata by splitting her cause of action into separate grounds of recovery and then raising the separate grounds in successive suits. Rather, a party must bring in one action all legal theories arising out of the same transaction or series of transactions.").

### B. TT Has Not Split Its Claims

Here, there is no dispute that the parties are the same in the 2005 Actions as in the 2010 Actions. The only question is whether the two cases arise from the same set of facts. According to the SunGard Defendants, the "transactional facts" are the same in both sets of actions because both arise from alleged infringement by the same products, namely the GL Win/Quick Trade and PhotonTrader systems. The SunGard Defendants claim that TT must include in the 2005 Actions all patents that TT alleges are infringed by GL Win/Quick Trade and PhotonTrader systems.

The Federal Circuit's decision in *Kearns v. General Motors Corporation* rejects the SunGard Defendants' view and is dispositive of the instant motion. *See* 94 F.3d 1553 (Fed. Cir. 1996). In that case, the plaintiff initially brought suit in Michigan against a car maker for infringement of five patents. *Id.* at 1554. That first case was dismissed pursuant to Rule 41(b) when the plaintiff failed to comply with various deadlines and court orders. *Id.* at 1555. The plaintiff then sued the same defendant in Virginia, this time asserting infringement of 21 patents, including the same five patents he asserted in the Michigan litigation. The Virginia district court dismissed the second suit as claim precluded, finding that all 21 patents should have been brought in the Michigan suit. *Id.* at 1554. The Federal Circuit upheld the Virginia district court's claim as to the five patents originally asserted in the Michigan suit, finding that the Rule 41(b) dismissal operated as a dismissal on the merits. *Id.* at 1555.

As to the other 16 patents, the Federal Circuit reversed. The Court noted that each patent is, as a matter of law, "directed to a separate invention" and "two independent and distinct inventions can not be claimed in the same patent." *Id.* (citing 35 U.S.C. §§ 101, 121.) The Court continued:

> "[e]ach patent establishes an independent and distinct property right . . . . Each patent asserted raises an independent and distinct cause of action . . . . In the case at bar it is not possible to show that the identical issue was presented in the sixteen patents that were not before the Michigan court, as in the five patents that were; for each patent, by law, covers an independent and distinct invention. Further, infringement must be separately proved as to each patent . . . . Precedent cautions that res judicata is not readily extended to claims that were not before the court, and precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial.

*Id.* at 1555-56; *see also Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 476 (Fed. Cir. 1991) (defining "cause of action" in a patent context as "a suit on the same device alleged to infringe the same patent.") In other words, where the patents involved in the two suits are different, *Kearns* takes the view that each patent creates a unique set of "transactional facts" for purposes of claim preclusion. By implication, the Federal Circuit rejects the view that a plaintiff must include in a single suit, at the risk of claim preclusion, every patent allegedly infringed on by the product at issue. The Federal Circuit re-affirmed its view in *Kearns* in an unpublished opinion. *See Abbey v. Mercedes Benz of N. Am., Inc.*, 138 Fed. Appx. 304, 307 (Fed. Cir. 2005) (finding that the plaintiff was not barred from asserting a patent that was not at issue in the first suit and holding "*Kearns* provides that normally when patents are not included in a suit, they are not before a court, and while preclusion may attach to certain issues, causes of action based on patents that are not included in a suit are ordinarily not captured, and therefore precluded, by judgments that pertain to other patents."); *see also SciMed Life Sys. v. Advanced Cardiovascular Sys., Inc.*, No 99 C 112, 1999 WL 33244568, at *1 (D. Minn. May 17, 1999) ("*Kearns* is . . . dispositive of the defendants' suggestion that a procedural bar should lie against this suit under a "should have been brought" theory, because each patent constitutes its own independent cause of action.") Further, another district court applied *Kearns* to reject dismissal of

7

a second, co-pending suit involving different patents on claim splitting grounds. *See Stratos Lightwave, Inc. v. Picolight, Inc.*, No. 03 C 917, 2005 WL 681308, at *2 (D. Del. Mar. 23, 2005).

Here, it is undisputed that the patents asserted by TT in the 2005 Actions are different than the ones it asserts in the 2010 Actions. Under *Kearns*, each of the new patents asserted in the 2010 Actions is an independent cause of action and consequently, the 2010 Actions would not be barred by final judgment in the 2005 Actions. TT has not split its claims.

The cases cited by the SunGard Defendants are readily distinguishable because they involve the same patents in both suits. In those cases, when the patents-in-suit are the same in both the first and second suit, the question becomes whether the accused product is "essentially the same" and therefore whether the facts underlying both suits are the same. *Roche Palo Alto LLC v. Apotex, Inc.*, 531, F.3d 1372, 1379 (Fed. Cir. 2008); *see also Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 617-68, 620 (Fed. Cir. 1995) (applying claim preclusion because the same patent and product were at issue in both suits); *Acumed*, 525 F.3d at 1326 (rejecting claim preclusion even where the same patent was at issue in both suits but the product was different).

Finally, in their motion the SunGard Defendants also assert that TT could have amended its pleadings in the 2005 Actions to include the infringement alleged in the 2010 Actions. While TT could have moved for leave of court to amend its pleadings in the 2005 Actions (*see* Fed. R. Civ. P. 15(a)(2)), it was not required to seek such leave to add the patents that issued well after the 2005 Actions began. *See Gillig v. Triple Tee Golf, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010) (holding claim preclusion does not apply to "new rights acquired during the action which might have been, but which were not, litigated" and "[a] plaintiff may seek leave to file a supplemental pleading to

assert those claims, but the doctrine of res judicata does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired claim.")

## IV. CONCLUSION

For the above reasons, SunGard's motion for summary judgment (Doc. 136, Case. No. 10 C 716) is denied.[3]

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 26, 2011

---

[3] In a footnote, TT requests that the Court enter summary judgment in its favor on the claim splitting issue. However, TT has not cross-moved for summary judgment and there is no functional difference between the Court's denial of the SunGard Defendants' motion and granting summary judgment for TT.