UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC. | Case No. 10 C 715 (Consolidated with: 10 C 716, 10 C 718, |
| Plaintiff, | 10 C 720, 10 C 721, 10 C 726, 10 C 882, |
| v. | 10 C 883, 10 C 884, 10 C 885, 10 C 929, |
| BGC PARTNERS, INC. | 10 C 931) |
| Defendant. | Judge Virginia M. Kendall |

**TRADING TECHNOLOGIES' MOTION
FOR A RULE 54(b) CERTIFICATION**

**I.      INTRODUCTION**

As a result of the Court's February 9, 2012 ruling on Defendants' motion for summary judgment of invalidity of U.S. Patent 7,676,411 ("the '411 patent"), TT respectfully requests that the Court enter a final judgment of invalidity of all asserted claims of the '411 patent, as well as all asserted claims of U.S. Patent No. 7,693,768 ("the '768 patent") and U.S. Patent No. 7,904,374 ("the '374 patent").  TT further moves the Court to dismiss the Defendants' remaining defenses and counterclaims relating to the '411, '768 and '374 patents without prejudice, adopt TT's reasons that there is no just reason for delay of the appeal, and certify the final judgment for appeal pursuant to Rule 54(b).  Under Rule 54(b), a party may appeal some of the claims in a multi-claim litigation when there is a final decision with respect to those claims and there is no just reason to delay the appeal.  In patent cases, where all issues are resolved with respect to one or more of a number of patents in the case, Rule 54(b) certification is routinely granted.  In this case, TT's infringement claims and the Defendants' invalidity claims with respect to the '411,

1

'768 and '374 patents are the subject of a final decision – the asserted claims have been invalidated by the Court, thereby ultimately disposing of all issues with respect to these patents.

At this point, the parties agree that the Court's ruling (Dkt. No. 448; "SJ Opinion") results in the invalidity of any claim of the '411, '768 and '374 patents that is not limited to a "static" price axis as construed by Judge Moran.[1] TT has decided not to assert any of the dependent claims of these patents that are limited to a "static" price axis (i.e., claim 15 of the '411 patent and claims 7 and 11 of the '374 patent) unless the SJ Opinion is reversed or remanded, and, therefore, all asserted claims of the '411, '768 and '374 will be found invalid in light of the Court's SJ Opinion. Thus, there will be a final judgment completely resolving the separate claims of infringement of the '411, '768 and '374 patents.

There is no just reason to delay an appeal of the Court's ruling on these patents. For instance, there is no danger of the issue of invalidity under Section 112 having to be addressed a second time in a subsequent appeal based on proceeding with the remaining patents-in-suit. Moreover, judicial administrative interests and the equities weigh in favor of allowing an immediate appeal. Indeed, delaying an appeal of the "eSpeed issue" will unfairly prejudice TT by putting off for years final resolution of what the Defendants recognized was a threshold issue that could streamline the case. If there is an appeal now and the Court is reversed, the parties will likely still be able to address the patents affected by the appeal before trial.

Therefore, because all conditions for an appeal pursuant to Rule 54 will be met by entry of a suitable judgment form (TT has attached a proposed form as Exhibit A), TT requests that the Court enter judgment that all asserted claims of the '411, '768 and '374 patents are invalid,

---

[1] TT believes these are the only patents-in-suit invalidated as a result of the Court's SJ Opinion. Defendants, however, have contended that the Court's ruling invalidated U.S. Patent No. 7,702,566 ("the '566 patent") as well. Thus, on April 26, 2012, the parties will file a submission with the Court that details where the parties agree and disagree regarding what other patents-in-suit are impacted by the

dismiss all of Defendants' additional defenses and counterclaims without prejudice as moot, and certify the final judgment for immediate appeal.

## II. FACTUAL BACKGROUND

TT originally filed separate infringement complaints against the various defendants in early 2010, which were eventually consolidated in front of this Court in February 2011. (Dkt. No. 70). In a case management statement filed May 3, 2011, the Defendants suggested to the Court that resolution of three issues prior to entry of a case schedule and the onset of discovery would significantly streamline the case. (Dkt. No. 176 at 1-2). One of these issues was how the Court would apply the decision from the appeal in *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, and how that decision would affect the validity of the '411 patent. In the Defendants' words, "[R]egardless of which way the Court rules with respect to the impact of *eSpeed,* the case will be streamlined enormously, and the burden on the Court and the parties greatly reduced." (*Id.* at 3). On June 3, 2011, the Court entered a scheduling order that provided for briefing a summary judgment motion with respect to the *eSpeed* issue. (Dkt. No. 215). On February 9, 2012, the Court granted Defendants' motion for summary judgment of invalidity of the '411 patent, holding that the claims of the '411 patent are invalid to the extent the claims are broader with respect to covered price axes than the term "static" as construed in the eSpeed case. (Dkt. No. 448 at 29). Immediately after being allowed to review the opinions at the February 9, 2012 status hearing, counsel for the SunGard and FuturePath defendants indicated that they might pursue a Rule 54(b) appeal. (Ex. B; Hr'g Tr. 8:2-7, Feb. 9, 2012).

Following entry of the SJ ruling, the Court directed the parties to consider the impact of the ruling on the case and report back on March 15, 2012. On March 1, 2012, counsel for Defendants sent a letter to TT indicating their belief that the Court's ruling also resulted in the

invalidity of all claims of the '768 patent except claim 11, all claims of the '566 patent except claim 4, and all claims of the '374 patent except claims 6-9 and 11. (Ex. C, Letter from Ullman to Borsand (Mar. 1, 2012)). In a separate letter from the SunGard defendants regarding non-infringement, it was clear by implication that the Defendants believed claims 11 and 15 of the '411 patent were not invalidated by the Court's ruling. (Ex. D, Letter from Ullman to Borsand (Mar. 1, 2012)). On March 7, 2012, the parties held a joint call at which TT described for Defendants its own positions. TT and the Defendants agreed on nearly every claim, with a few exceptions. Specifically, TT explained to Defendants why it believed that claim 11 of the '411 patent, claim 11 of the '768 patent, and claims 6, 8 and 9 of the '374 patent would be found invalid in light of the Court's SJ ruling.[2] Defendants stated that they would consider this explanation, but have yet to provide a response.

At the March 15, 2012 status hearing, TT stated its intent to file a Rule 54(b) motion. By this time, however, the Defendants reversed the position they previously suggested at the February 9, 2012 hearing regarding the applicability of Rule 54(b). After the Court entered a briefing schedule on TT's motion, the parties again attempted to discuss whether they could reach a compromise. On April 4, 2012, TT sent Defendants an e-mail again detailing its positions regarding invalidity and the applicability of Rule 54(b) and requested Defendants' positions. (Ex. E). To date, TT has not received a response. Defendants have indicated, however, that they oppose permitting a Rule 54(b) appeal.

### III. RELEVANT LEGAL STANDARDS

Federal Rule of Civil Procedure 54(b) "provides a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims

---

[2] While TT and the Defendants agreed that some claims of the '411, '768 and '374 patent would not be invalid under the Court's ruling, TT stated it would not assert those claims unless the Federal Circuit reversed or remanded this Court's SJ ruling.

4

actions, without waiting for final decisions to be rendered on all the claims in the case." *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 04-CV-00346, 2010 WL 4115427, at *5 (N.D. Ill. Oct. 18, 2010) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)).[3] In applying Rule 54(b), the district court acts as a "dispatcher," and its decision is to be given substantial deference by the by the appellate court. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

Rule 54(b) requires satisfaction of a two-step test to perfect the appeal. *Wm. Wrigley Jr. Co.*, 2010 WL 4115427, at *5 (citing *Curtiss-Wright Corp.*, 446 U.S. at 7). First, the court must determine that it is dealing with a judgment on a claim that is final. *Id*. (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. at 436)). Second, the court must determine whether there is any just reason for delay of the appeal. *Id*. In conducting a Rule 54(b) analysis in a patent case, the court must apply Federal Circuit law rather than regional circuit law. *Id*. at *5.

A judgment is final when it "is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wm. Wrigley Jr. Co.*, 2010 WL 4115427, at *5 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. at 436)); *see also Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1357 (Fed. Cir. 2003). A finding of invalidity of all asserted claims of a patent is the ultimate disposition of all issues related to that patent and therefore a final judgment of a claim.[4] *See, e.g., Wm. Wrigley Jr. Co.*, 2010 WL 4115427, at *4 (finding final for purposes of Rule 54(b) a ruling of invalidity of sole asserted claim). The existence of additional

---

[3] Unpublished cases cited herein are attached as Ex. F hereto.
[4] Non-asserted claims are not relevant, even if the Defendants have defenses or counterclaims against them, as there is no case or controversy with respect to non-asserted claims. *Jervis B. Webb Co. v. S. Sys., Inc.*, 742 F.2d 1388, 1398-1400 (Fed. Cir. 1984). With respect to Defendants' counterclaims and defenses relating to the asserted claims of the patents being appealed, such claims and defenses should be either dismissed without prejudice or stayed pending the appeal. *See, e.g., State Contracting & Eng'g Corp. v. State of Florida*, 258 F.3d 1329, 1334 (Fed. Cir. 2007) (dismissing counterclaims as moot, without prejudice, following Rule 54(b) certification) and *Wm. Wrigley Jr. Co.*, 2010 WL 4115427, at *8 (remaining counterclaims stayed following 54(b) certification).

remaining defenses or counterclaims is irrelevant, as the defendant need only prevail on one defense to prevail in the action, and the remaining claims can be dismissed without prejudice. *See W.L. Gore & Assocs., Inc. v. Int'l Medical Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 863 (Fed. Cir. 1992) ("Once the district court decided that Gore's patent was invalid or that IMPRA did not infringe Gore's patent, the district court no longer needed to address any of the other defenses. The law is clear that a 'defendant need only sustain one decisive defense, not all of them.' "); *ImageCube LLC v. The Boeing Co.*, 04-CV-7587, 2010 WL 331723, at *3 (N.D. Ill. Jan. 22, 2010) ("Once the Court ruled in Defendant's favor as to one of the defenses to ImageCube's infringement claim, the Court had no reason to determine whether the additional defenses also should be sustained….").

In determining whether there is any just reason for delay, the courts may "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8; *WiAV Solutions LLC*, Civil No. 3:09CV447, 2010 WL 883748, at *2. Additionally, the court "must take into account judicial administrative interests as well as the equities involved." *ImageCube LLC*, 2010 WL 331723, at *2. This Court is afforded "substantial discretion" in making this determination. *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001). Indeed, even if certain of the factors enumerated by the Courts weigh against granting a Rule 54(b) appeal, such an appeal may still be appropriate if the Court deems the factors weighing in favor of such an appeal to outweigh the negative factors. *Curtiss-Wright Corp.*, 466 U.S. at 4 n.1; *Howmedica Osteonics Corp. v. Zimmer, Inc.*, Civ. No. 05-897, 2010 WL 199960, at *4-5 (D.N.J. Jan. 13, 2010).

Separateness of claims must be viewed in the context of the issue to be decided in the Rule 54(b) appeal; any overlap of legal or factual issues is not sufficient to preclude Rule 54(b) certification. Instead, the focus is on whether the same issue would have to be decided again at a later time:

> One important consideration is 'whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were a subsequent appeal.

*ImageCube LLC*, 2010 WL 331723, at *2. And while overlap is one factor the courts may consider, even the existence of some relevant factual overlap is not determinative. As the Federal Circuit has held:

> [F]actual overlap on only tangential issues or on "one aspect" of a counterclaim is not adequate to show an abuse of discretion [in granting Rule 54(b) certification]. The Supreme Court has stated that even where there is some factual overlap of issues, other factors may justify the district court's exercise of discretion to certify an appeal in a given case.

*W.L. Gore & Assocs., Inc.*, 975 F.2d at 864 (citing *Curtiss-Wright Corp.*, 446 U.S. at 8 n.2).

It is appropriate to grant a Rule 54(b) appeal on certain patents-in-suit and then proceed on other patents-in-suit. *U.S. Gypsum Co. v. Nat'l Gypsum Co.*, No. 89 C 7533, 1994 WL 501994, at *13 (N.D. Ill. Sept. 12, 1994) (granting 54(b) certification for one patent found invalid where additional accused patent remained pending); *Wm. Wrigley Jr. Co.*, 2010 WL 4115427, at *8; *Medeva Pharma Suisse A.G. v. Par Pharm., Inc.*, No. 2011-1391, 430 Fed.App'x. 878, 879-880 (Fed. Cir. 2011).

IV. **ARGUMENT**

TT's request for a Rule 54(b) appeal with respect to the '411, '768 and '374 patents should be granted as it meets all of the necessary requirements and will promote judicial

efficiency with respect to resolution of this case. In patent cases where all issues are resolved with respect to certain patents-in-suit, entry of a judgment for purposes of a Rule 54(b) appeal is the rule and not the exception, and this case should be no different.[5]

### A. The SJ Opinion Disposes of All Asserted Claims of the '411, '768 and '374 Patents And A Final Judgment Should Be Entered

A summary judgment ruling is final for purposes of Rule 54(b). *Clark v. Underwriters Mgmt. Corp.*, 98-CV-4084, 2003 WL 21148420, at *2 (N.D. Ill. May 16, 2003) (summary judgment decision is sufficient to constitute a "final judgment" with regard to single claim in multiple claim action). In this case, the Court's SJ ruling ultimately disposes of all of TT's infringement allegations with respect to each asserted claim of the '411 patent, '768 and '374 patents, leaving no remaining unadjudicated claims with respect to these patents.

The parties agree that the effect of the SJ Opinion was the invalidation of nearly every claim of the '411, '786 and '374 patents. Just as with the '411 patent, the independent claims of the '768 and '374 patents (which are direct continuations of the '132 and '304 patent family) do not require a price axis that is "static" as construed by Judge Moran. Therefore, the Court's rationale in the SJ Opinion applies equally to the '768 patent and the '374 patent, rendering invalid any claim that is not limited to a "static" price axis as construed by Judge Moran.

The parties also agree that there are a few dependent claims that were not invalidated by the Court's ruling, as they do further limit the claims to a "static" implementation, specifically claim 15 of the '411 patent and claims 7 and 11 of the '374 patent. TT has agreed not to assert these claims unless the SJ Opinion is reversed or remanded. Therefore, there are no issues with

---

[5] See, e.g., *Sun Pharm. Indus., Ltd. v. Eli Lilly & Co.*, 611 F.3d 1381, 1394 (Fed. Cir. 2010); *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1559 (Fed. Cir. 1991); *Wm. Wrigley Jr. Co.*, 2010 WL 4115427, at *5; *Sears, Roebuck & Co.*, 351 U.S. at 435; *W.L. Gore & Associates, Inc.*, 975 F.2d at 863; *ImageCube LLC*, 2010 WL 331723, at *5.

8

respect to these claims, and any defenses or counterclaims Defendants have raised with respect to these claims does not prevent the SJ Opinion from being a final judgment.[6]

Because the SJ Opinion fully disposes of all of TT's infringement allegations with respect to every asserted claim of the '411, '786 and '374 patents, the Court should enter a final judgment of invalidity those patents, dismiss Defendants' additional defenses and counterclaims as moot and permit an appeal therefrom under Rule 54(b).

### B. No Just Reason for Delay of an Appeal Exists

Courts have "substantial discretion in determining when there is no just cause for delay in entering judgment under Rule 54(b)." *Intergraph Corp.*, 253 F.3d at 699; *see also Wm. Wrigley Jr. Co.*, 2010 WL 4115427, at * 3 (quoting *Intergraph*). "One important consideration [in analyzing lack of just cause for delay] is 'whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.' " *ImageCube LLC*, 2010 WL 331723, at *2 (quoting *Curtiss-Wright Corp.*). This factor, along with the other factors enumerated in *Curtiss-Wright*, weighs in favor of immediate appeal of the Court's SJ ruling.

In this case, there is no danger of multiple appeals on the same issue. Once the Federal Circuit has decided whether or not the original specification supports claims directed to a price

---

[6] At one point, Defendants suggested that claim 11 of the '411 patent, claim 11 of the '768 patent and claims 6, 8 and 9 of the '374 patent remain valid despite the Court's ruling. (Exs. C, D, Letter from Ullman to Borsand (March 1, 2012)). This position, however, appears to arise from a misunderstanding of these claims, as they do not further limit the independent claims to a "static" implementation, but instead merely recite additional steps. For example, claim 11 of the '411 patent reads: "The method of claim 1, further comprising receiving a re-centering command to center the inside market in a window of a graphical user interface." This claim merely further requires receiving a re-centering command and does not change the fact that the price axis of the claim is not limited to "static" as construed by Judge Moran. TT has explained this to the Defendants but has yet to receive a response, so TT is unsure whether the Defendants are continuing with this argument. In any event, TT is willing to agree not to assert any dependent claim of the '411, '768 and '374 patents that limits the claim to a "static" price axis as defined by Judge Moran unless the Court's SJ Opinion is reversed or remanded. TT believes that the only dependent claims that do this are claim 15 of the '411 patent and claims 7 and 11 of the '374 patent.

9

axis that are broader than the term "static" as construed by Judge Moran, the issue will be finally decided for all purposes. There are no issues remaining with respect to the other patents in this case that would cause a second appeal on this issue.

There is also no overlap between the issue of section 112 support and the Defendants' other invalidity or non-infringement defenses that would require this Court to address those defenses prior to an appeal. TT's infringement claims of the '411, '768 and '374 are also separate from the infringement claims of the other patents-in-suit and could have been brought separately. Indeed, there are no relevant overlapping issues of fact or law that would preclude a Rule 54(b) appeal in this case.

The majority of the patents that the parties agree remain in the case are in different families from those TT seeks to appeal, have different inventors and are directed to different features of the trading software, which counsels in favor of certification. *See, e.g., WiAV Solutions LLC*, 2010 WL 883748, at *2 ([W]hile the broad subject matter of the patents…is the same, the functionalities of the remaining patents relate to 'short paging' and 'link adaptation' while the [appealed] patents relate to speech coding and decoding."). For example, the '056, '999 and '416 patents are in a family of patents known as the Friesen family, which in addition to not having any inventors in common with the patents to be appealed, also do not require a static price axis. Similarly, the '357, '651 and '240 patents list Brian Buck as an inventor and are unrelated to the patents that are at issue in this motion. These patents involve certain types of drift centering and the resolution of the appeal will have no impact on the issues related to these patents. The fact that the same products are being accused of infringement also does not constitute an overlap sufficient to preclude Rule 54(b) certification. *See WiAV Solutions LLC*, 2010 WL 883748, at *2 ("Defendants contend, overlapping products will result in overlapping

issues on trial and appeal, such as how the products work and sales of the products. This singular factual similarity is outweighed by the distinctions…which demonstrate that the claims are separate.").

Even with respect to the patents that are related to the family of patents at issue, the overlap of factual issues does not preclude certification.[7] *See, e.g.*, *Sun Pharm. Indus., Ltd. v. Eli Lilly and Co.*, 07-CV-15087, 2009 WL 3497797 (E.D. Mich. 2009) (finding Rule 54(b) appeal appropriate where one patent was invalidated in view of related patent that remained in case); *Wm. Wrigley Jr. Co.*, 2010 WL 4115427, at *6; *Howmedica Osteonics Corp.*, 2010 WL 19960, at *4-5. Moreover, overlap is only one factor the courts may consider. It is not determinative and may be outweighed by other factors:

> [F]actual overlap on only tangential issues or on "one aspect" of a counterclaim is not adequate to show an abuse of discretion [in granting Rule 54(b) certification]. The Supreme Court has stated that even where there is some factual overlap of issues, other factors may justify the district court's exercise of discretion to certify an appeal in a given case.

*W.L. Gore*, 975 F.2d at 864 (citing *Curtiss-Wright Corp.* at 8 n.2).

The interests of judicial administration and the balance of the equities also weigh in favor of certification. If an appeal does not proceed now, TT will be required to wait years for the resolution of its claims with respect to these three patents, while the case progresses with respect to the remaining patents. Pursuing the appeal now will allow both TT and the Defendants to have finality with respect to these particular patents. In contrast, the Defendants would suffer no harm if the appeal were to proceed now. Instead, as noted above, early resolution of this issue will streamline the case later with respect to other issues, which will benefit both parties. Indeed, Defendants themselves have recognized that the issue TT seeks to appeal "stands as a significant

---

[7] The fact that the '132 and '304 patents remain in the case for numerous defendants is irrelevant for purposes of this motion, as they would remain unaffected by any ruling of the appeals court, no matter which direction. The claims of the '132 and '304 patents require "static" as construed by Judge Moran.

11

barrier to any serious settlement discussions." (Defendants' Case Management Statement, Dkt. No. 176 at 1). The Supreme Court has recognized that the interest in facilitating settlement may be a significant enough factor to justify a Rule 54(b) appeal even in cases where other important factors weigh against such an appeal. *Curtiss-Wright Corp.,* 446 U.S. at 8 n.2 ("For example, if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims."); *see also, e.g.*, *Howmedica Osteonics Corp.*, 2010 WL 199960, at *4-5 (granting Rule 54(b) certification based on balance of equities despite finding that many other factors counseled against an appeal). The Defendants themselves relied on the impact of this issue on settlement to convince the Court to hear their SJ motion at an early stage. (Dkt. No. 176 at 1). It is disingenuous for Defendants to now oppose resolution of this issue in a timely fashion. If TT's motion is denied, this fundamental threshold issue will not be finally resolved for years, and, if this Court's SJ ruling is eventually reversed or remanded, the Court will be forced to take up the issue years from now.

Certification also will not negatively impact the discovery process. The parties have proposed schedules with fact discovery concluding somewhere between April 4, 2014 and 120 days following issuance of a Markman ruling (Dkt. No. 458 at 14), and these dates will likely be adjusted again in view of the current briefing. Thus, there is ample time for an appeal to be heard and still have time to complete whatever minor discovery would be left following resolution of the appeal.

Therefore, there is no just cause for delay of an appeal with respect to the '411, '768 and '374 patents, and this Court should enter a Rule 54(b) judgment and certification adopting TT's reasons regarding delay.

## V. CONCLUSION

All asserted claims of the '411, '768 and '374 patents are ripe for a final judgment of invalidity in light of the Court's SJ Opinion. There is no just reason for a delay of an appeal of this issue. Accordingly, the Court should grant TT's motion to enter a Rule 54(b) judgment and certify the issue of section 112 invalidity for appeal.

Respectfully submitted,

Date: April 12, 2012　　　　By:　s/ Ann C. Palma
Leif R. Sigmond, Jr. (ID No. 6204980)
(sigmond@mbhb.com)
Matthew J. Sampson (ID No. 6207606)
(sampson@mbhb.com)
Michael D. Gannon (ID No. 6206940)
(gannon@mbhb.com)
S. Richard Carden (ID No. 6269504)
(carden@mbhb.com)
Jennifer M. Kurcz (ID No. 6279893)
(kurcz@mbhb.com)
Paul A. Kafadar (ID No. 6289869)
(kafadar@mbhb.com)
Kirsten L. Thomson (ID No. 6293943)
(thomson@mbhb.com)
Ann C. Palma (ID No. 6302703)
(palma@mbhb.com)
**McDonnell Boehnen Hulbert & Berghoff**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Steven F. Borsand (ID No. 6206597)
(Steve.Borsand@tradingtechnologies.com)
**Trading Technologies International, Inc**.

222 South Riverside
Suite 1100
Chicago, IL 60606
Tel: (312) 476-1000
Fax: (312) 476-1182

**Attorneys for Plaintiff,
TRADING TECHNOLOGIES
INTERNATIONAL, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2012 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons at the given e-mail addresses:

*Counsel for BGC, et al.*
*(Case No. 10-CV-0715):*
Gary Rosen
Law Offices of Gary A. Rosen, P.C.
63 West Lancaster Ave., Suite 1
Ardmore, PA 19003
grosen@logarpc.com

Andrew Johnstone
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
ajohnstone@winston.com

*Counsel for Open E Cry, et al.*
*(Case No. 10-CV-885):*

James J. Lukas , Jr
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
lukasj@gtlaw.com

Douglas Weider
Greenberg Traurig Llp
200 Park Avenue
Florham Park, NJ 07932
weiderd@gtlaw.com

*Counsel for CQG, et al.*
*(Case No. 10-CV-0718):*
Adam Kelly
Loeb & Loeb LLP
321 North Clark Street
Suite 2300
Chicago, IL 60654
akelly@loeb.com

*Counsel for FuturePath, Inc.*
*(Case No. 10-CV-0720):*
Lora A. Moffatt
Salans
Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457
lmoffatt@salans.com

Philippe Bennett
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016-1387
pbennett@alston.com

*Counsel for Interactive Brokers, et al. (10-CV-721):*
Michael Levin
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
mlevin@wsgr.com

Steven P. Mandell
333 W. Wacker Drive, Suite 300
Chicago, IL 60606
smandell@mandellmenkes.com

*Counsel for Stellar, et al.*
*(10-CV-882):*
Ralph Joseph Gabric
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
rgabric@usebrinks.com

*Counsel for TD Ameritrade, et al.*
*(Case No.10-CV-883):*
Michael Levin
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
mlevin@wsgr.com

Steven P. Mandell
333 W. Wacker Drive, Suite 300
Chicago, IL 60606
smandell@mandellmenkes.com

*Counsel for SunGard, et al.*
*(Case No. 10-CV-716):*
Lora A. Moffatt
Salans
Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457
lmoffatt@salans.com

Philippe Bennett
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016-1387
pbennett@alston.com

*TradeStation, et al.*
*(Case No. 10-CV-884):*
David J Healey
Fish & Richardson P.C.
One Houston Center
1221 McKinney, Suite 2800
Houston, TX 77010
healey@fr.com

George Summerfield
Stadheim & Grear
Wrigley Tower - 22nd Floor
400 North Michigan Avenue
Chicago, Illinois 60611
summerfield@stadheimgrear.com

                                                                                                                                      s/Ann C. Palma