# Exhibit A

| Event | TT's Proposed Date | Applicable Local Patent Rule |
|---|---|---|
| Fact discovery opens and the parties shall exchange Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1). | 6/2/2014 | LPR 1.3 LPR 2.1 |
| To the extent not already served, TT shall serve initial infringement contentions on all Defendants. | 8/18/2014 | LPR 2.2 |
| To the extent not already served, Defendants shall serve initial non-infringement, unenforceability and invalidity contentions on TT. | 11/17/2014 | LPR 2.3 |
| Defendants shall supplement their Initial Disclosures and provide any additional document production required under Local Patent Rule 2.4. | 11/17/2014 The title of LPR 2.4 is "Document Production *Accompanying* Initial Invalidity Contentions" | LPR 2.4 |
| TT shall serve initial responses to invalidity contentions on all Defendants. | 2/16/2015[1] | LPR 2.5 |
| TT shall serve final infringement contentions on all Defendants. | 7/17/2015 | LPR 3.1 |
| Defendants shall serve final invalidity and unenforceability contentions on TT. | 7/17/2015 | LPR 3.1 |
| TT shall serve final response to invalidity and unenforceability contentions on Defendants. | 10/16/2015[2] | LPR 3.2 |
| Defendants shall serve final non-infringement contentions on Plaintiff. | 10/16/2015 | LPR 3.2 |
| Parties shall exchange claim terms needing construction pursuant to Local Patent Rule 4.1(a). | 10/30/2015 | LPR 4.1(a) |
| Parties shall meet and confer regarding claims to be construed and submission of terms to the court pursuant to Local Patent Rule 4.1(b). | 11/6/2015 | LPR 4.1(b) |
| Defendants shall file opening claim construction brief. | 12/11/2015 | LPR 4.2(a) |
| Parties shall file joint appendix for claim construction. | 1/18/2016 | LPR 4.2(b) |
| TT shall file responsive claim construction brief. | 1/18/2016 | LPR 4.2(c) |
| Defendants shall file reply claim construction brief. | 1/22/2016 | LPR 4.2(d) |
| Parties shall file joint claim construction chart and joint claim construction status report pursuant to Local Patent Rule 4.2(f). | 1/29/2016 | LPR 4.2(f) |

---

[1] TT agrees to this date assuming that Defendants will provide coordinated filings.

[2] TT agrees to this date assuming that Defendants will provide coordinated filings.

| Event | TT's Proposed Date | Applicable Local Patent Rule |
|---|---|---|
| Parties shall exchange exhibits, including demonstrative exhibits, to be used at claim construction hearing. | 2/12/2016 | LPR 4.3 |
| Markman Hearing. | 2/29-3/1/2016 | LPR 4.3 |
| Parties shall disclose reliance on opinion of counsel pursuant to Local Patent Rule 3.6(b). | 7/22/2016 | LPR 3.6(b) |
| Deadline for completion of fact discovery. | 8/19/2016[3] | LPR 1.3 |
| Each party shall make its initial expert witness disclosures required by Federal Rule of Civil Procedure 26 on issues for which it bears the burden of proof. | 10/21/2016 | LPR 5.1(b) |
| Each party shall make its rebuttal expert witness disclosures required by Federal Rule of Civil Procedure 26 on issues for which the opposing party bears the burden of proof. | 12/16/2016 | LPR 5.1(c) |
| Deadline for completion of expert depositions. | 1/23/2017 | LPR 5.2 |
| Deadline for filing dispositive motions. | 2/10/2017 | LPR 6.1 |

---

[3] Few accused infringers typically choose to rely on opinion of counsel, and TT agrees to this date assuming that one or none of the Defendants will elect this option. If more than one Defendant relies on opinion of counsel, TT may request that this date be adjusted.

# Exhibit B

ID: 120826
DATE: 2013-03-27 17:59:04
FROM: Anthony B. Ullman <AUllman@salans.com>
TO: Carden, Richard <Carden@mbhb.com>,Bennett, Philippe <pbennett@alston.com>, Rose, Bruce
    <Bruce.Rose@alston.com>, Chris McArdle <chris.mcardle@alston.com>, Healey, David J. <healey@fr.com>, Norkett,
Brian <bnorkett@bullarocarton.com>,   Lora A. Moffatt <LMoffatt@salans.com>, wscott@alston.com,
       <wscott@alston.com>, Rosen, Gary <grosen@logarpc.com>, Natalie J. (SD), Morgan <nmorgan@wsgr.com>, Adam
G. Kelly <akelly@loeb.com>, William J., (Bill) Voller III <wvoller@loeb.com>, Simone Jones <sjones@loeb.com>,
       BornsteinS@gtlaw.com <BornsteinS@gtlaw.com>, Lukas, James J.,
         <lukasj@gtlaw.com>, Adam Kessel <kessel@fr.com>, Butler, Aoife,
         <Aoife.Butler@alston.com>, Sanchez, Linda <Linda.Sanchez@alston.com>,
       Levin, Michael <mlevin@wsgr.com>, Kristen  B. Weil <KWeil@salans.com>
SUBJECT: RE: TT v. BGC (2010)
MAILBOX: EWS-carden@mbhbcas.mbhb.com/Inbox.mbox

Richard,

We write in response to your below email of March 22nd and TT's attached proposed schedule directed "to the patents that are not part of the appeal".

We gather that TT would like the parties to initiate a separate track in the District Court with respect to those of TT's patents that are not included in TT's pending appeal.

TT proposes that discovery opens at the end of next week with respect to those patents not the subject of TT's appeal, and that with respect to these patents that dates be set for invalidity and non-infringement contentions, the Markman process, as well as deadlines set for "completion" of fact and expert discovery, as well as dispositive motions.

Given the current status of the appeal and the relatedness of the subject matter of the asserted patents, Defendants do not consider TT's proposal productive, efficient or reasonable, and do not agree with TT's proposed schedule.  More generally, TT's proposal to commence discovery now would result in piecemeal and potentially duplicative discovery in the event TT prevails on appeal and, inter alia, discovery must then later proceed with respect to those patents that are currently subject of TT's appeal.  In this regard, oral argument in the appeal has now been scheduled for May 8.  According to the Federal Circuit's statistics on the median time to disposition, the parties can reasonably expect the Federal Circuit's ruling in August 2013 – a mere four months away.   For the last 8 months, both sides have recognized that the case has effectively been stayed.

Further, as you are aware, there are a number of matters currently pending before Judge Chang that could significantly impact the course of the 2010 action.  These include SunGard and FuturePath's motions on non-infringement based on the "static"  limitation, their  motions for invalidity based on lack of written description and enablement, and their motions for non-infringement based on the "dynamic" limitation (both the "update-in-response-to" and "change positions" requirements)  and the "moves" limitation, as well as the expected Markman constructions.  Judge Change may issue a ruling on one or more of these issues at the hearing currently set for April 2.  Your proposed schedule fails to take any potential impact of Judge Chang's rulings into account.

From Defendants' perspective, a request for Judge Kendall  to set a discovery schedule would (absent some exceptional reason which has not been identified in your email) be most appropriate only after the Federal Circuit rules on the pending appeal so that the parties and Judge Kendall have the full benefit of the Federal Circuit's opinion as to the various issues raised, some of which could very possibly impact the patents on which that TT now seeks to initiate discovery.

Regards,

ABU

-----Original Message-----
From: Carden, Richard [mailto:Carden@mbhb.com]
Sent: Friday, March 22, 2013 10:59 AM
To: Anthony B. Ullman; Bennett, Philippe; Rose, Bruce; Chris McArdle; Healey, David J.; Norkett, Brian; Lora A. Moffatt; wscott@alston.com; Rosen, Gary; Natalie J. (SD) Morgan; Adam G. Kelly; William J. (Bill) Voller III; Simone Jones; BornsteinS@gtlaw.com; Lukas, James J.; Adam Kessel; Butler, Aoife; Sanchez, Linda; Levin, Michael
Subject: TT v. BGC (2010)

Good morning, counsel:

As all parties had suggested to Judge Kendall that this case proceed with respect to the patents that are not part of the appeal, we would once again like to raise a schedule in the case. I have attached a proposed schedule for discussion. I included a column with Defendants' previously suggested schedule as well. Please let me know when you have had a chance to review our proposal.

It has been some time since I have had to send out a message to all counsel in this set of cases, so please let me know if I should add someone to future communications on this issue. My apologies if I missed anyone.

Regards,
Richard

[www.mbhb.com.png]

S. Richard Carden [ ] Partner [ ] 300 South Wacker Drive [ ] Chicago, Illinois 60606-6709
312-913-3330 direct [ ] 312-913-0001 main [ ] 312-913-0002 fax carden@mbhb.com<mailto:carden@mbhb.com> [ ] www.mbhb.com<http://www.mbhb.com/>

_____
This message and any attachments may contain confidential information protected by the attorney-client or other privilege. If you believe that it has been sent to you in error, please reply to the sender that you received the message in error, and then delete the message from your system.

# Exhibit C

Trials@uspto.gov                                                              Paper 4
571-272-7822                                                      Entered: April 15, 2014


UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

CHICAGO MERCANTILE EXCHANGE, INC.,
Petitioner,

v.

5th MARKET, INC.,
Patent Owner.
_____

Case CBM2014-00114
Patent 7,024,387 B1


Before KALYAN K. DESHPANDE, MICHAEL R. ZECHER, and
GEORGIANNA W. BRADEN, *Administrative Patent Judges.*

ZECHER, *Administrative Patent Judge.*


ORDER
Conduct of the Proceeding
*37 C.F.R. § 42.5*

Case CBM2014-00114
Patent 7,024,387 B1

A conference call in the above proceeding was held on April 14, 2014, between respective counsel for Petitioner and Patent Owner, and Judges Deshpande, Zecher, and Braden. Petitioner initiated the conference call to request authorization to file a motion to stay a co-pending *inter partes* reexamination involving U.S. Patent No. 7,024,387 B1 ("the '387 patent").

Petitioner began the conference call by indicating that the '387 patent is the subject of a co-pending *inter partes* reexamination styled U.S. Patent Application No. 95/002,032 ("the co-pending reexamination"). Petitioner indicated that it was the Third Party Requester in the co-pending reexamination. Upon inquiry from the Board regarding the current status of the co-pending reexamination, Petitioner explained that an Examiner's Answer has been mailed and the parties are in the process of preparing rebuttal briefs. Based on those representations, Petitioner requested authorization to file a motion to stay the co-pending reexamination. Patent Owner indicated that it will oppose this motion.

We explained that it is premature to stay the co-pending reexamination at such an early stage of this proceeding because we have yet to determine whether to institute a covered business method patent review of the '387 patent. We further explained that, if we eventually institute a covered business method patent review of the '387 patent, Petitioner may renew its request for authorization to file a motion to stay the co-pending reexamination.

2

Case CBM2014-00114
Patent 7,024,387 B1

## ORDER

Accordingly, it is ORDERED that Petition's request for authorization to file a motion to stay the co-pending reexamination is DENIED. However, if we institute a covered business method patent review of the '387 patent, Petitioner may renew its request for authorization to file a motion to stay the co-pending reexamination.

Case CBM2014-00114
Patent 7,024,387 B1

For PETITIONER:

Erika H. Arner
Timothy P. McAnulty
Justin Loffredo
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
erika.arner@finnegan.com
timothy.mcanulty@finnegan.com
justin.loffredo@finnegan.com

Matthew J. Kelly
Chicago Mercantile Exchange, Inc.
Matthew.Kelly@cmegroup.com


For PATENT OWNER:

D. Richard Anderson
George S. Dolina
Birch, Stewart, Kolasch & Birch, LLP
dra@bskb.com
gsd@bskb.com


J. Gregory Whitehair
The Whitehair Law Firm, LLC
jgw@whitehairlaw.com


Anthony Birch
Birch, Stewart, Kolasch & Birch, LLP
P.O. Box 747
Falls Church, VA 22040

# EX D

| Event | Defendants' Proposed Date, Assuming No CBM-Based Stay[1] | TT's Proposed Date | Applicable Local Patent Rule |
|---|---|---|---|
| TT shall produce all documents produced to or by TT and its related entities in all the prior patent infringement actions filed by TT in this District concerning any one or more of the patents-in-suit, excluding at this time documents defendants produced designated as "highly confidential," " highly confidential patent prosecution only," and/or "attorneys eyes only" and/or "highly confidential attorneys eyes only" | 7/7/2014 | | |
| Fact discovery opens and the parties shall exchange Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1). | 7/7/2014 | 6/2/2014 | LPR 1.3 LPR 2.1 |
| Hearing on the construction of the term "price axis" as used in TT's '411 patent (proposed exchange, confer and briefing schedule associated with this and which would apply are set forth separately in this joint submission) | Week of 7/21/2014 (no more than 1 hr. per side in duration) | | |
| To the extent not already served, TT shall serve initial infringement contentions on all Defendants. | 8/18/2014 | 8/18/2014 | LPR 2.2 |
| To the extent not already served, Defendants shall serve initial non-infringement, unenforceability and invalidity contentions on TT. | 2/16/2015 | 11/17/2014 | LPR 2.3 |
| Defendants shall supplement their Initial Disclosures and provide any additional document production required under Local Patent Rule 2.4. | 3/16/2015 | 11/17/2014 The title of LPR 2.4 is "Document Production *Accompanying* Initial Invalidity Contentions" | LPR 2.4 |

---

[1] As previously noted, TD Ameritrade expects shortly to file CBM petitions and move for a stay in connection therewith.

| Event | Defendants' Proposed Date, Assuming No CBM-Based Stay[1] | TT's Proposed Date | Applicable Local Patent Rule |
|---|---|---|---|
| TT shall serve initial responses to invalidity contentions on all Defendants. | 4/13/2015[2] | 2/16/2015[3] | LPR 2.5 |
| TT shall serve final infringement contentions on all Defendants. | 10/16/2015 | 7/17/2015 | LPR 3.1 |
| Defendants shall serve final invalidity and unenforceability contentions on TT. | 10/16/2015 | 7/17/2015 | LPR 3.1 |
| TT shall serve final response to invalidity and unenforceability contentions on Defendants. | 1/22/2016[4] | 10/16/2015[5] | LPR 3.2 |
| Defendants shall serve final non-infringement contentions on Plaintiff. | 1/22/2016 | 10/16/2015 | LPR 3.2 |
| Parties shall exchange claim terms needing construction pursuant to Local Patent Rule 4.1(a). | 2/12/2016 | 10/30/2015 | LPR 4.1(a) |
| Parties shall meet and confer regarding claims to be construed and submission of terms to the court pursuant to Local Patent Rule 4.1(b). | 2/26/2016 | 11/6/2015 | LPR 4.1(b) |
| Defendants shall file opening claim construction brief. | 3/14/2016 | 12/11/2015 | LPR 4.2(a) |
| Parties shall file joint appendix for claim construction. | 4/1/2016 | 1/18/2016 | LPR 4.2(b) |
| TT shall file responsive claim construction brief. | 4/15/2016 | 1/18/2016 | LPR 4.2(c) |
| Defendants shall file reply claim construction brief. | 5/16/2016 | 1/22/2016 | LPR 4.2(d) |
| Parties shall file joint claim construction chart and joint claim construction status report pursuant to Local Patent Rule 4.2(f). | 6/6/2016 | 1/29/2016 | LPR 4.2(f) |
| Parties shall exchange exhibits, including demonstrative exhibits, to be used at claim construction hearing. | 7/25/2016 | 2/12/2016 | LPR 4.3 |
| Markman Hearing. | Week of 8/22/2016 | 2/29-3/1/2016 | LPR 4.3 |

---

[2] Defendants have provided TT with an additional month for its responses since it is unlikely that Defendants will submit "coordinated" initial non-infringement, unenforceability and invalidity contentions.

[3] TT has stated that it agrees to this date assuming that Defendants will provide coordinated filings.

[4] Defendants have provided TT with an additional month for its responses since it is unlikely that Defendants will submit "coordinated" final non-infringement, unenforceability and invalidity contentions.

[5] TT has stated that it agrees to this date assuming that Defendants will provide coordinated filings.

| Event | Defendants' Proposed Date, Assuming No CBM-Based Stay[1] | TT's Proposed Date | Applicable Local Patent Rule |
|---|---|---|---|
| | (duration to be determined) | | |
| Parties shall disclose reliance on opinion of counsel pursuant to Local Patent Rule 3.6(b). | 85 days post Court's claim construction ruling | 7/22/2016 | LPR 3.6(b) |
| Deadline for completion of fact discovery. | 180 days post Court's claim construction ruling | 8/19/2016[6] | LPR 1.3 |
| Each party shall make its initial expert witness disclosures required by Federal Rule of Civil Procedure 26 on issues for which it bears the burden of proof. | 60 days post close of fact discovery | 10/21/2016 | LPR 5.1(b) |
| Each party shall make its rebuttal expert witness disclosures required by Federal Rule of Civil Procedure 26 on issues for which the opposing party bears the burden of proof. | 90 days post initial expert disclosures | 12/16/2016 | LPR 5.1(c) |
| Deadline for completion of expert depositions. | 60 days post expert rebuttal disclosures | 1/23/2017 | LPR 5.2 |
| Deadline for filing dispositive motions. | 45 days post completion of expert depositions | 2/10/2017 | LPR 6.1 |

---

[6] TT has stated that it agrees to this date assuming that one or none of the Defendants will elect this option. If more than one Defendant relies on opinion of counsel, TT has stated that it may request that this date be adjusted.