**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) ) ) | |
| *Plaintiff*, | ) ) | No. 10 C 715 |
| v. | ) ) | Judge Virginia M. Kendall |
| IBG LLC, *et al*, | ) ) | |
| *Defendants*. | ) | |

## ORDER

Before the Court is IBG's Motion to Exclude Testimony of Nicholas Godici. IBG seeks to exclude Godici's opinions regarding: (1) TT's alleged inequitable conduct before the PTO, (2) file histories of the asserted patents, and (3) the PTO's practices and procedures. Following the Court's grant of summary judgment that TT did not commit inequitable conduct before the PTO (Dkt. 1702), TT informed the Court that it withdraws the first portion of its Motion as moot. Thus, the Court only addresses the two latter portions of the Motion. For the reasons set forth below, the Motion (Dkts. 1375, 1682) is granted in part and denied in part.

Federal Rule of Evidence 702 permits expert testimony only if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In other words, it is this Court's task to "ascertain whether the expert is qualified, whether his or her methodology is scientifically reliable, and whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893 (7th Cir. 2011) (quotations omitted). An expert's opinion only assists the jury to the extent the expert draws on some special skill, knowledge, or experience to formulate the opinion. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 724 (7th Cir. 1999).

Mr. Godici discusses the file histories of TT's patents before the Patent and Trademark Office ("PTO") in paragraphs 83–179 of his report. (Dkt. 1375-1.) TT moves to exclude these paragraphs on the grounds that they are intended to support his inequitable conduct opinion and are based on speculation. To the extent the testimony is offered solely in support of a now-foreclosed inequitable conduct defense, the testimony must be stricken because it will not help the jury understand the evidence or determine a fact in issue. Paragraph 109, for example, which describes comments made by a judge about inequitable conduct, is offered solely for the purpose of bolstering the inequitable conduct defense. That paragraph is stricken. Paragraph 104 contains multiple speculative and second-hand statements about what Mr. Donefer told Mr. Godici that TT

lawyers would have done had they been made aware of certain facts by one of the TT inventors. This paragraph will be stricken as speculative and therefore unreliable. Paragraph 114 parrots Mr. Donefer's opinion that the LIFFE Connect API Manuals would be material to the PTO's decision-making. This statement does not rely on any specialized knowledge. Godici just takes the word of another expert, and the paragraph's only plausible use is to support IBG's now-foreclosed inequitable conduct argument. Paragraph 114 will therefore be stricken as well. The remainder of the testimony in paragraphs 83–179 could potentially help the jury understand the evidence in this case and does not appear to be speculative in nature. Considering that the Court has not received briefing on how the Court's grant of summary judgment affects whether the background information provided by Mr. Godici is relevant, any objection to the remainder of the paragraphs in this section would more properly be addressed in a motion *in limine*.[1]

TT next moves to exclude Godici's testimony pertaining to PTO rules and procedures, which is contained in paragraphs 17–82. Much of this testimony is useful background material that could assist the jury in understanding generally the process involved in obtaining a patent. Paragraphs 72–78, by contrast, are directed exclusively at explaining the requirements to prove inequitable conduct. As the Court has foreclosed that defense, this testimony would not assist the jury, so the paragraphs are stricken. Paragraph 20, in which Godici explains that patent examiners spend about twenty hours on a patent application and that Examiner Weisberger had over 200 cases on his docket, must also be stricken because its only purpose is to attack the statutory presumption of validity. *C.f. Commonwealth Sci. and Indus. Res. Org. v. Mediatrek Inc.*, No. 06 CV 578, 2015 WL 12806515, at *5 (E.D. Tex. June 29, 2015) (excluding this exact testimony from Mr. Godici on the grounds that attempting to cast doubt on the PTO process does not assist the jury in understanding facts at issue). The remaining paragraphs in this section provide context that could be useful to the jury. To the extent that TT believes the remaining testimony to be irrelevant or overly prejudicial, TT can present that argument in a motion *in limine*.

## CONCLUSION

TT's Motion to Exclude Testimony of Nicholas Godici [1375, 1682] is granted as to paragraphs 20, 72–78, 104, 109, and 114. The Motion is otherwise denied.

Virginia M. Kendall
United States District Judge

Date: December 17, 2020

---

[1] TT has already filed a motion *in limine,* which, if granted, would exclude some of Godici's testimony on relevance grounds, including paragraphs 175–179 of the Godici report which pertain to CBM proceedings. TT's principal objection to those paragraphs is that they are irrelevant. The Court will be better able to evaluate their relevance upon receiving fulsome briefing on the motion *in limine*.