**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> IBG LLC AND INTERACTIVE BROKERS LLC, <br><br> Defendants. | Case No.: 10 C 715 <br><br> Judge: Hon. Virginia M. Kendall |

**DEFENDANTS' MOTION TO COMPEL DISCLOSURE OF THE TOTAL
COMPENSATION PAID TO TESTIFYING DAMAGES EXPERT**

Plaintiff Trading Technologies International, Inc. ("TT") refuses to disclose the total compensation paid to its damages expert, Catherine Lawton, before she testifies in this case.[1] The total compensation is relevant to show bias. *See, e.g.*, *Sherwin-Williams Co. v. PPG Industries, Inc.*, No. 2:17-cv-1023, 2019 WL 2501471, at *5 (W.D. Pa. Mar. 19, 2019) ("The production of the invoices, to the extent that they show the total amount billed and the total compensation . . . will allow Sherwin to make a full inquiry into Dr. Perez's potential sources of bias."). This includes not only the expert's billing rate, but also her total time billed. *See id.* at *4 ("Production of the total amount of time billed and the total amount of compensation is consistent with Federal Rule of Civil Procedure 26 as amended in 2010"); *see also Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 07-cv-549, 2009 WL 194243,5 at *2 (S.D. W. Va.

---

[1] IB is prepared to go forward with a mutual exchange of updated damages expert compensation disclosures, which would include information on total billed, total paid, and total accrued charges.

July 1, 2009) ("It is well-settled that the amount of an expert's compensation is relevant to bias").

Further, FED. R. CIV. P. 26(a)(2)(B)(vi) requires testifying expert witnesses to disclose "a statement of the compensation to be paid for the study and testimony in the case." Rule 26 was expressly amended in 2010 to provide that attorney-expert communications are *not privileged* to the extent they "relate to compensation for the expert's study or testimony." FED. R. CIV. P. 26(b)(4)(C)(i); *see also* FED. R. CIV. P. 26(b)(4)(C)(i) advisory committee's note (2001) ("The objective is to permit full inquiry into such potential sources of bias."). TT previously disclosed Ms. Lawton's billing rate for her work in this case, and at her October 9, 2020 deposition, Ms. Lawton gave a rough approximation of the compensation she received up to that date. *See* Ex. A, 10/09/21 Lawton Dep. Tr. at 12:6-12:19. All TT has to do now is to supplement that information to provide the total compensation up to date.

Indeed, courts have compelled disclosure of compensation of testifying experts, including supplementation at the time of trial. *See, e.g., Sherwin-Williams*, 2019 WL 2501471 at *3 (recommending that "Both Sherwin and PPG[] should be ordered to produce all testifying expert witness invoices redacted to show: a. the total amount of time that each of its testifying expert witnesses spent conducting their Analysis and drafting their respective expert reports"); *Bluestone Coal*, 2009 WL 1942435 at *2 (ordering that plaintiff provide a statement of the total compensation paid to its expert and ordering plaintiff to update that information at the time of trial); *National Instruments Corp. v. Ensoft Corp.*, No. 4:06-cv-551, Dkt. 203 at 7 (S.D. Iowa Mar. 26, 2012) ("to the extent additional compensation is charged by and paid to the expert witness up to the time of trial, national Instruments shall provide such information to EnSoft in a reasonably timely manner").

Accordingly, TT should be compelled to supplement the information regarding the complete compensation Ms. Lawton received for the work she did in this case up to date (i.e., total billed, total paid, and total accrued charges) before Ms. Lawton is testifies before the jury.[2]

Dated: August 14, 2021

Respectfully submitted,

/s/ *Steven P. Mandell*
Steven P. Mandell (ARDC #6183729)
Mandell Menkes LLC
One North Franklin, Suite 3600
Chicago, IL 60606
(312) 251-1000
smandell@mandellmenkes.com

Michael S. Sommer
Wilson Sonsini Goodrich & Rosati, P.C.
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Tel: (212) 999-5800
msommer@wsgr.com

Michael B. Levin
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
mlevin@wsgr.com

Natalie J. Morgan
Christina E. Dashe
Wilson Sonsini Goodrich & Rosati, P.C.
12235 El Camino Real
San Diego, CA 92130
Tel: (858) 350-2300
nmorgan@wsgr.com
cdashe@wsgr.com

---

[2] The parties met and conferred by telephone as required by Local Rule 37.2.

        Olivia M. Kim
Neil N. Desai
Wilson Sonsini Goodrich & Rosati, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2912
okim@wsgr.com
ndesai@wsgr.com

*Attorneys for Defendants IBG LLC and Interactive Brokers LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document has been served on August 14, 2021, via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

Dated: August 14, 2021 /s/ *Steven P. Mandell*