UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC. <br><br> Plaintiff, <br><br> v. <br><br> IBG LLC AND INTERACTIVE BROKERS LLC, <br><br> Defendants. | Case No. 10 C 715 <br> (Consolidated with: 10 C 721) <br><br> Judge Virginia M. Kendall |

**PLAINTIFF TRADING TECHNOLOGIES'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff Trading Technologies International, Inc. ("TT") moved for judgment as a matter of law at the close of Defendants ("IB") case-in-chief. Fed. R. Civ. P. 50(a); Vol. 15-B Trial Tr. (Aug. 27, 2021) at 3292:6-9 & 3405:22-3406:18. Further to the Court's direction, a short statement of the bases and reasons for TT's motion follows, including (A) obviousness; (B) patent marking; (C) damages; and (D) equitable estoppel.

*A. Obviousness*

Trading Technologies moves for judgment as a matter of law because a reasonable jury would not have a legally sufficient evidentiary basis to find in favor of IB on the issue of obviousness under 35 U.S.C. §§ 103 & 282. IB failed to meet its burden to prove, by clear and convincing evidence, that any of the asserted claims of TT's '132 and '304 patents would have been obvious at the time of the invention to a person of ordinary skill in the art.

In the most recent pretrial order, Dkt. 1959, IB identified the following 7 grounds for obviousness, using three different primary references:

1. TSE in view of X Trader;

2. TSE in view of PTS Client;

3. TSE in view of Belder (and Togher);

4. Weiss in view of LIFFE Connect API Manuals and X_Trader;

5. Weiss in view of LIFFE Connect API Manuals and PTS Client;

6. INTEX in view of Silverman (and X_Trader); and

7. INTEX in view of PTS Client

First, regarding combinations 6 and 7, using INTEX as a primary reference, IB failed to adduce proof of obviousness. IB's liability expert, Mr. Donefer, discussed INTEX only as background material. He did not provide an obviousness opinion using INTEX as a primary reference, nor did he provide the required full evidentiary foundation for obviousness for any INTEX-based combination. In effect, there should be no dispute that IB dropped the INTEX combinations for trial, and for at least those reasons, judgment as a matter of law of no obviousness over the INTEX combinations should be entered, in favor of TT.

Second, regarding combinations 1, 2, and 3, using TSE as a primary reference, IB failed to show that TSE was prior art. There is no evidence allowing a jury to conclude that TSE was disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, could locate it. The Federal Circuit requires corroborating evidence for public accessibility, and the testimony advanced by IB was from a biased source and was uncorroborated. For at least those reasons, judgment as a matter of law of no obviousness over the TSE combinations should be entered, in favor of TT.

Third, regarding the two combinations using Weiss as a primary reference, IB failed to show that the references were analogous. For obviousness references, the Federal Circuit looks to see if the reference is from the same field of endeavor or if it is reasonably pertinent to the

particular problem the inventor is trying to solve. The field of the invention is graphical user interfaces for electronic trading. Weiss, however, is nothing more than a paper book that addresses a different problem than does the invention, and no reasonable jury could conclude that it is analogous art. For at least those reasons, judgment as a matter of law of no obviousness over the Weiss combinations should be entered, in favor of TT.

Fourth, regarding any and all of IB's proffered obviousness combinations and theories, IB has failed to adduce sufficient proof to support a conclusion of obviousness with respect to at least the content of the prior art, differences between the prior art and the claimed invention, motivation to combine, knowledge of the ordinarily skilled artisan, and the objective evidence of nonobviousness. IB's expert's opinions should be entirely discounted because IB's expert failed to understand or apply the burden of proof; failed to review or weigh the intrinsic record in his analysis; admitted to applying hindsight; and failed to credit the objective evidence of nonobviousness.

For any, or all, of these reasons, TT respectively requests that this court enter judgment as a matter of law of no obviousness.

**B. Patent Marking**

TT moves for judgment as a matter of law that it satisfied the marking requirement in this case. A failure to mark patented articles, or otherwise provide notice to the accused infringer, can limit past damages. 35 U.S.C. § 287. TT offered proof through, *inter alia*, Mr. Ryan's testimony and exhibits that TT had marked its patented products in compliance with the statute. IB did not challenge TT's proof or offer any contrary evidence. Therefore, TT respectfully requests that this court enter judgment as a matter of law that TT marked its patented products. For the same reasons, it is not necessary to instruct the jury on patent marking.

*C. Damages*

TT moves for judgment as a matter of law because a reasonable jury would not have a legally sufficient evidentiary basis to adopt the damages figures advanced by IB's expert Mr. Reed. When a damages expert relies upon licenses to opine on a reasonable royalty, the Federal Circuit requires that those licenses be comparable to the hypothetical negotiation. There is no dispute between Mr. Reed and TT's expert Ms. Lawton that three particular licenses in the record are comparable. Yet, Mr. Reed's opinions depend upon numerous licenses that he did not and cannot show were comparable to the hypothetical negotiation. It is legally impermissible for an expert to reach a reasonable royalty opinion by relying on such non-comparable agreements, even as a check. Because Mr. Reed's opinions are legally baseless, they cannot provide substantial evidence to support the reasonable royalty awards Mr. Reed presented to the jury.

*D. Equitable Estoppel*

Under Federal Circuit law, equitable estoppel requires showing at least that TT led IB to reasonably infer that TT would not enforce TT's '132 and '304 patents against IB and that IB reasonably relied on TT's conduct. But the testimony adduced by IB during trial has made IB's estoppel case worse since the time when the Court denied TT's motion for summary judgment. Dkt. 1747. Mr. Peterffy testified that he read only a third of the open letter; he didn't understand it; and he didn't know what it was talking about. Mr. Nemser also testified that he didn't read the whole letter or TT's patents. There was no evidence of communications between IB and TT upon which IB could rely. And the reliance evidence itself, if any, is nothing more than *ipse dixit*. Therefore, TT submits that it would be appropriate for the Court to enter judgment against IB on equitable estoppel. However, if the Court decides to order post-trial briefing to assist with

making findings of fact and conclusions of law under Fed. R. Civ. P. 52, TT will be prepared to respond at that time.

Dated: August 29, 2021          Respectfully submitted,

         By: /s/ Jennifer M. Kurcz
         Jennifer M. Kurcz (ID No. 6279893)
         (jkurcz@bakerlaw.com)
         Leif R. Sigmond, Jr. (ID No. 6204980)
         (lsigmond@bakerlaw.com)
         Michael D. Gannon (ID No. 6206940)
         (mgannon@bakerlaw.com)
         Harrison B. Rose
         (hrose@bakerlaw.com)
         Stephanie J. Nelson
         (sjnelson@bakerlaw.com)
         **BAKER & HOSTETLER LLP**
         One North Wacker Drive, Suite 4500
         Chicago, Illinois 60606-1901
         Tel.: (312) 416-6200

         Alaina J. Lakawicz
         (alakawicz@bakerlaw.com)
         John F. Murphy
         (johnmurphy@bakerlaw.com)
         **BAKER & HOSTETLER LLP**
         2929 Arch Street, 12th Floor
         Philadelphia, Pennsylvania 19104
         Tel.: (215) 568-3100

         Jason Hoffman
         (jhoffman@bakerlaw.com)
         **BAKER & HOSTETLER LLP**
         1050 Connecticut Ave NW #1100
         Washington, DC 20036-5304
         Tel.: (202) 861-1500

         Jared Brandyberry
         (jbrandyberry@bakerlaw.com)
         **BAKER & HOSTETLER LLP**
         1801 California St. #4400
         Denver, CO 80202-2662

Tel.: (303) 861-0600

Adam Faier
(Adam.Faier@tradingtechnologies.com)
**TRADING TECHNOLOGIES INTERNATIONAL, INC.**
222 South Riverside, Suite 1100
Chicago, Illinois 60606
Tel.: (312) 476-1000

**Attorneys for Plaintiff
TRADING TECHNOLOGIES
INTERNATIONAL, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jennifer M. Kurcz